IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
F I L E D
NOV 1 2 2008
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA
```

| | | |
|---|---|---|
| ZHOU JIE PLANT, et al., <br> **Plaintiffs,** | ) <br> ) <br> ) | |
| v. | ) <br> ) | No. 1:08cv374 |
| MERRIFIELD TOWN CENTER <br> LIMITED PARTNERSHIP, et al. <br> **Defendants.** | ) <br> ) <br> ) <br> ) | |
| HAN HO KIM, et al., <br> **Plaintiffs,** | ) <br> ) <br> ) | |
| v. | ) <br> ) | No. 1:08cv566 |
| MERRIFIELD TOWN CENTER <br> LIMITED PARTNERSHIP, et al. <br> **Defendants.** | ) <br> ) <br> ) <br> ) | |

## ORDER

The matter is before the Court on plaintiffs' motion[1] for class certification, pursuant to Rule 23, Fed. R. Civ. P. Specifically, plaintiffs seek to certify a class of plaintiffs that includes all those individuals who have contracted to purchase a condominium from defendant Merrifield Town Ltd. Partnership ("Merrifield") in the Vantage Condominiums at Merrifield Town Center development in Falls Church, Virginia.[2] The matter has been fully briefed and is now ripe for

---

[1] Plaintiffs filed the instant motion in *Kim v. Merrifield Town Center Ltd. Partnership*, No. 1:08cv566, prior to this Court's November 6, 2008, Order consolidating No. 1:08cv566 with No. 1:08cv374. Because Nos. 1:08cv566 and 1:08cv374 have been consolidated and are proceeding under No. 1:08cv374, this Order will be issued in 1:08cv374.

[2] Plaintiffs appear to shift their definition of the proposed class in their reply memorandum, referring to the proposed class as "contract buyers of Vantage units *who have not*

-1-

disposition. Oral argument is dispensed with, as the facts and legal contentions are adequately set forth in the existing record and oral argument would not aid the decisional process.

Where, as here, a plaintiff seeks class certification pursuant to Rule 23, it is well-settled that "the party moving for class certification bears the burden of demonstrating that the proposed class meets the requirements of Rule 23." *Shiring v. Tier Techs., Inc.*, 244 F.R.D. 307, 312 (E.D. Va. 2007) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)). And it is important to remember that "a class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.' " *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 345 (4th Cir. 1998) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). Accordingly, "courts considering class certification must rigorously apply the requirements of Rule 23 . . . ." *Id.*; *see also Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 359, 367 (4th Cir. 2004). And "[i]n this regard, Rule 23 . . . provides a two-step procedure for analyzing the certification issue." *Shiring*, 244 F.R.D. at 312 (citing *Amchem*, 521 U.S. 591; *Lutz v. Int'l Assoc. of Machinists & Aerospace Workers*, 196 F.R.D. 447, 450 (E.D. Va. 2000)). The first step requires that the plaintiff seeking class certification demonstrate that the following four threshold requirements of Rule 23(a) have been met:

> (1) that the class is so numerous that joinder of all members would be impracticable; (2) that questions of law or fact are common to the class; (3) that the claims or defenses of the representative party are typical of those of the class; and (4) that the representative party fairly and adequately protect the interests of the class.

*Id.*; *see also Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 423 (4th Cir. 2003). If all four

---

*previously settled their claims.*" Pl. Reply in Supp. of Class Certification, at 2 (emphasis added). Plaintiffs' inconsistency, however, does not change the result reached here.

requirements of Rule 23(a) have been met, the party seeking certification must then "demonstrate that the proposed class fits within one of the Rule 23(b) categories." *Shiring*, 244 F.R.D. at 312; *see also Gunnells*, 348 F.3d at 423. For the reasons that follow, plaintiffs' motion to certify a class including all those who contracted to purchase a condominium from Merrifield in the Vantage development[3] fails to satisfy both the threshold requirements of Rule 23(a) and the additional

---

[3] It is worth noting that five different lawsuits, encompassing more than 130 of the proposed class members, have already been filed in this Court, and it appears that other lawsuits have been filed on behalf of specific class members in state court. It is also important to observe the widely varying procedural posture of the cases filed in this Court. For instance, the first federal suit to be filed here—*Ahn v. Merrifield Town Center Ltd. Partnership*, No. 1:08cv73—has been consolidated with *Cai v. Merrifield Town Center Ltd. Partnership*, No. 1:08cv588. These consolidated actions include approximately thirty-eight named plaintiffs who signed purchase contracts containing a promise to build within 24 months. Plaintiffs in these consolidated actions have been granted partial summary judgment on their claim pursuant to the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. § 1701 *et seq.*, on the ground that the contracts do not fall within ILSFDA's two-year building exemption set forth in 15 U.S.C. § 1702(a)(2). *See Ahn v. Merrifield Town Ctr. Ltd. P'ship*, No. 1:08cv73, 2008 WL 4763521 (E.D. Va. Oct. 27, 2008) (granting partial summary judgment to *Ahn* plaintiffs); *Cai v. Merrifield Town Ctr. Ltd. P'ship*, No 1:08cv588 (E.D. Va. Nov. 6, 2008) (Order) (granting partial summary judgment to *Cai* plaintiffs after consolidation with *Ahn*). These consolidated actions remain pending, as the parties are currently litigating, *inter alia*, (i) ILSFDA remedies and defenses to those remedies; (ii) state-law breach of contract claims; and (iii) claims for violation of the Virginia Condominium Act, Va. Code §§ 55-79.39 *et seq.*

The second suit to be filed here—*Bartley v. Merrifield Town Center Limited Partnership*, No. 1:08cv145—has been dismissed with prejudice. *See Bartley v. Merrifield Town Ctr. Ltd. P'ship*, No. 1:08cv145, 2008 WL 4449894 (E.D. Va. Sept. 30, 2008). This action included approximately eight potential class members, all of whom signed purchase contracts containing a promise to build within 36 months. Contracts containing this 36-month promise implicate an ILSFDA exemption different from the exemption implicated in the consolidated *Ahn* and *Cai* cases.

Finally, it is also noteworthy that the *Ahn*, *Cai*, and *Bartley* cases named only Merrifield as a defendant. By contrast, the remaining two cases—*Plant v. Merrifield Town Center Ltd. Partnership*, No. 1:08cv374, and *Kim v. Merrifield Town Center Ltd. Partnership*, No. 1:08cv566, which have been consolidated—have named six other defendants in addition to Merrifield. And unlike *Ahn*, *Cai*, or *Bartley*, neither *Plant* nor *Kim* has yet to reach resolution on any pending motions to dismiss or motions for summary judgment. Moreover, counsel for the

requirement that the proposed class fall within a Rule 23(b) category.

First, with respect to numerosity, the first Rule 23(a) requirement, plaintiffs merely offer conclusory assertions, based on references to "[t]he various papers filed by the Defendants herein," that "[t]he class is so numerous that joinder of all members is impracticable." Pl. Mem. in Supp. of Mot. for Class Certification, at 2. And although plaintiffs cite various cases in their reply memorandum that suggest, as is true, that impracticability of joinder is not solely a numerical test, plaintiffs do not provide any factual basis regarding why joinder would be impracticable here. Indeed, plaintiffs have already joined eighty-five named plaintiffs to this suit, and the limited universe of available plaintiffs—as is, no doubt, listed in its entirety in defendant Merrifield's records of who signed purchase contracts for its condominiums—suggests that the proposed class here, while perhaps numerous, is not impracticably numerous.

Second, even assuming that plaintiffs had made an adequate factual showing of numerosity, plaintiffs have also failed to satisfy Rule 23(a)'s commonality requirement. Importantly, "[t]he commonality requirement of Rule 23(a)(2) is satisfied if 'common questions [are] dispositive and overshadow other issues.'" *DiFelice v. US Airways, Inc.*, 235 F.R.D. 70, 78 (E.D. Va. 2006) (quoting *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001)). Again, plaintiffs fail to provide a

---

*Plant* and *Kim* plaintiffs has advised that those plaintiffs, unlike the *Ahn* and *Cai* plaintiffs, intend to withdraw all remaining state law claims; plaintiffs' counsel in *Plant* and *Kim* has further advised that the approximately eighty-five plaintiffs in *Plant* and *Kim* include purchasers who signed both 24-month and 36-month contracts, thus implicating both the ILSFDA exemption addressed in *Bartley* and the ILSFDA exemption addressed in *Ahn* and *Cai*. Finally, the potential class members in *Ahn*, *Bartley*, and *Cai* have hired one law firm to represent them in those cases, whereas the potential class members in *Plant* and *Kim* have hired a different law firm.

factual basis for a finding that the common questions for the proposed class here overshadow unique issues that may arise with respect to each individual purchaser. It is true, of course, that plaintiffs assert that each class member of the proposed class may have a claim pursuant to the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. § 1701 *et seq.* But it is also true, as defendant argues, that unique questions of law and fact—relating to equitable defenses of unclean hands, the failure by certain proposed class members to comply with various ILSFDA statute of limitations requirements, and the decision by some purchasers to sign addenda amending their contracts with Merrifield[4]—may very well be dispositive of some individual purchasers' claims. Indeed, these unique questions for each purchaser may result in starkly different outcomes for each proposed class member. Put simply, plaintiffs' conclusory assertions that commonality has been met do not satisfy their burden here.

But even assuming, *arguendo*, that plaintiffs' proposed class satisfies numerosity and commonality, plaintiffs have further failed to provide a basis for a finding that the proposed class satisfies Rule 23(a)'s final two requirements: typicality in the representative plaintiff's claims and defenses, and adequacy of the representative plaintiff's ability to protect the interests of the class.

---

[4] Various members of the proposed class signed addenda that defendants allege extended the date on which defendants were required to deliver the condominium units. Other purchasers did not sign the addenda, but defendants sent some of those purchasers correspondence indicating that a failure to object to the changed date constituted agreement with it. Defendants argue that the addenda may provide defenses either to any breach of contract claims, which have been filed by some proposed class members but not by others, or potentially to any ILSFDA claims that seek damages, rather than rescission, as a remedy. In those pending cases where the effect of those addenda has been briefed, plaintiffs argue in response that the addenda are either legally irrelevant to the issues presented or were legally ineffective because they were misleading. In any event, each proposed class member's argument with respect to any addenda will likely turn on questions of fact unique to that individual purchaser.

As a threshold matter, plaintiffs do not identify the class representative or representatives they assert would satisfy typicality or adequacy. Rather, plaintiffs' motion is at best silent, and at worst self-contradictory, in its designation of a class representative. Plaintiffs filed the instant motion on behalf of "[t]he plaintiffs herein," submitted the motion on behalf of "Jessica Plant, *et al.*," and filed the instant motion in *Kim, et al. v. Merrifield Town Center Ltd. Partnership, et al.*, No. 1:08cv566, in which Jessica Plant is not listed as a plaintiff. Pl. Mem. in Supp. of Mot. for Class Certification, at 1, 5. Even assuming, however, that the instant motion were interpreted to propose designation of the lead plaintiff in *Kim*, No. 1:08cv566, or *Plant, et al. v. Merrifield Town Center Ltd. Partnership, et al.*, No. 1:08cv374, as class representative, plaintiffs have provided nothing more than conclusory allegations that their proposed class representative or representatives—whoever they may be—satisfy typicality and adequacy. Instead, the varying nature of the claims and defenses presented—*inter alia*, (i) the presence of both 24-month and 36-month contracts; (ii) the individualized nature of defendants' potential "unclean hands" defenses and statute of limitations defenses; and (iii) the unique circumstances of each plaintiff's decision whether to sign any addenda to the purchase contracts—suggest that any one potential purchaser plaintiff would fail to satisfy Rule 23(a)'s typicality and adequacy requirements. Moreover, as defendants point out, various members of plaintiffs' proposed class have already filed suit in other courts, hired lawyers other than plaintiffs' proposed class counsel, and chosen to settle or otherwise resolve their disputes. Accordingly, the facts suggest that class certification under these circumstances may very well serve to hinder, not enhance, the ability of the prospective plaintiffs to pursue their individualized interests. And in any event, plaintiffs' unsupported assertions to the contrary do not satisfy their Rule 23(a) burden.

Finally, even were plaintiffs' conclusory allegations to satisfy Rule 23(a)'s four threshold requirements, plaintiffs have also failed to demonstrate that the proposed class would fall within a Rule 23(b) category. Here, plaintiffs essentially argue that their proposed class falls under only one such Rule 23(b) category,[5] namely that category enumerated in Rule 23(b)(3). Rule 23(b)(3) mandates that a court find that two criteria have been met when a plaintiff proposes to certify a class under Rule 23(b)(3). First, a court must find "that the questions or law or fact common to class members predominate over any questions affecting only individual members." Rule 23(b)(3). And second, the court must find "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.* This two-step inquiry appropriately limits Rule 23(b)(3)'s scope to situations where class certification "would achieve economies of time, effort, and

---

[5] Plaintiffs original memorandum in support of class certification also appeared to make some conclusory argument that the proposed class here would also fall under the categories set forth in Rule 23(b)(1) or Rule 23(b)(2). Rule 23(b)(1) provides for certification in cases where maintenance of separate actions by individual plaintiffs either risks inconsistent adjudications that "would establish incompatible standards of conduct for the party opposing the class" or risks adjudications that would substantially impair the ability of non-party class members to protect their interests. Rule 23(b)(1). Plaintiffs have made no showing that those risks are present here; indeed, because all remaining suits pending in this Court have been assigned to the same judge, have been consolidated where appropriate, and may, where necessary, proceed in a manner that ensures against the realization of such risks, any Rule 23(b)(1) concerns will be sufficiently mitigated. Similarly, Rule 23(b)(2) is also inapplicable here. Rule 23(b)(2) provides for class certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class" such that injunctive or declaratory relief respecting the class as a whole is appropriate. Rule 23(b)(2). Plaintiffs do not even appear to seek declaratory or injunctive relief; thus, it is difficult to see how Rule 23(b)(2) applies. In any event, plaintiffs appear to have abandoned any argument that their proposed class falls under either Rule 23(b)(1) or Rule 23(b)(2) in their reply memorandum in support of class certification. *See* Pl. Reply in Supp. of Class Certification, at 2 ("For the class which is sought to be certified here, contract buyers of Vantage units who have not previously settled their claims, the obviously applicable section of Rule 23 is 23[b][3].").

expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods., Inc. v. Windsor,* 521 U.S. at 615 (quoting Adv. Comm. Notes to Rule 23(b)(3)), *quoted in In re Bearingpoint, Inc. Sec. Litig.,* 232 F.R.D. 534, 541–42 (E.D. Va. 2006). Rule 23(b)(3) further provides the following nonexhaustive list of factors that a court should consider when conducting the Rule 23(b)(3) inquiry:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Rule 23(b)(3)(A)–(D).

Here, each of the four factors weighs against class certification. First, the class members' interests in individually controlling the prosecution or defense of separate actions is high. Indeed, members of plaintiffs' proposed class have already taken varying approaches to pursuit of their claims. Some have filed suit in state court. Others have hired plaintiffs' proposed class counsel and filed suit in federal court. Still others have hired different counsel and asserted different claims in federal court. Some have settled their claims, others have chosen not to file claims, and some have even chosen to reside in their purchased units. No single approach is inherently superior, but each purchaser plaintiff has an interest in choosing his or her desired approach. Second, the extent and nature of litigation that has already begun weighs against certification. For example, some of plaintiffs' proposed class members have already had their ILSFDA claims dismissed with prejudice.

*See Bartley v. Merrifield Town Ctr. Ltd. P'ship*, No. 1:08cv145, 2008 WL 4449894 (E.D. Va. Sept. 30, 2008). Others have already won partial summary judgment. *See Ahn v. Merrifield Town Ctr. Ltd. P'ship*, No. 1:08cv73, 2008 WL 4763521 (E.D. Va. Oct. 27, 2008). Thus, the extent and nature of litigation already begun by the proposed class members weighs against class certification at this time. Third, plaintiffs have not made any showing that concentration of the litigation in this particular forum is particularly desirable; indeed, many proposed class members have already chosen to pursue their claims in state court. And finally, the likely difficulty in managing a class action, for all the reasons already discussed, weighs against certification here. Indeed, based on the analysis of the factors provided in Rule 23(b)(3), it appears that class certification at this late stage, rather than achieve the purposes of Rule 23(b)(3)—improved economies of time effort, or expense—would instead add an unnecessary layer of complexity to an already-confusing array of suits that have been filed against Merrifield and its business associates.

In sum, plaintiffs have failed to meet their burden of demonstrating that the proposed class satisfies the requirements of Rule 23.

Accordingly, for these reasons, and for good cause,

It is hereby **ORDERED** plaintiffs' motion for class certification is **DENIED.**

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
November 12, 2008

/s/

T. S. Ellis, III
United States District Judge

-9-