IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



ZHOU JIE PLANT, *et al.*, )
)
Plaintiffs, )
)
v. ) Civil Action No. 1:08cv374 (TSE/JFA)
)
MERRIFIELD TOWN CENTER ) Consolidated with 1:08cv566
LIMITED PARTNERSHIP, *et al.*, )
)
Defendants. )
_____)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

On March 24, 2009 the Honorable T.S. Ellis, III referred this matter to the undersigned pursuant to 28 U.S.C. § 636 for a report and recommendation concerning the appropriate remedy, if any, for the plaintiffs under the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. § 1701 *et seq.* (Docket no. 70). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the Court his proposed findings of fact and recommendations, a copy of which will be provided to the parties.

### Procedural Background

On April 17, 2008 plaintiff Plant filed a complaint against Merrifield Town Center, LP ("Merrifield") on behalf of herself and "on behalf of a class of persons consisting of contract purchasers of condominium units in the Virginia condominium regime named 'Vantage at Merrifield.'" (Compl. ¶ 1, Docket no. 1). On May 12, 2008 an amended complaint was filed by Plant and eight other plaintiffs "on behalf of themselves and on behalf of a class of persons consisting of contract purchasers of condominium units in the Virginia condominium regime named 'Vantage at Merrifield, a Condominium.'" (Amended Compl. ¶ 1,

Docket no. 2). The amended complaint named as defendants Merrifield, Uniwest Group, LLC, Uniwest Development, LLC, Michael D. Collier and Walker Title & Escrow Company, Inc. and asserted claims for: (i) violation of the ILSFDA; (ii) conspiracy to injure plaintiffs' reputation, trade, business or profession pursuant to Va. Code § 18.2-499 *et seq.*; (iii) breach of contract and (iv) return of deposit. (Docket no. 2). By an Order entered on September 19, 2008 the Court granted plaintiffs' request to withdraw Count Two asserting a claim under Va. Code § 18.2-499 *et seq.* (Docket no. 22).

On November 6, 2008 the Court granted plaintiffs' motion to consolidate *Kim, et al. v. Merrifield Town Center Limited Partnership*, Civil Action No. 1:08cv566, with this case. (Docket no. 32). The original complaint in *Kim* was filed on June 3, 2008 and included over 100 plaintiffs (including the plaintiffs in the amended complaint filed in *Plant*). The same four claims asserted in the *Plant* action were asserted in the *Kim* action against the same defendants and two additional defendants, McWilliams-Ballard, LLC and Jonnie Jameson. (*Kim* Docket no. 2). On June 6, 2008 an amended complaint was filed in *Kim* naming additional plaintiffs. (*Kim* Docket no. 1). On September 19, 2008, the Court granted plaintiffs' request to withdraw Count Two asserting a claim under Va. Code § 18.2-499 *et seq.* (*Kim* Docket no. 48).

Following the consolidation of the *Plant* and *Kim* cases, the Court entered an Order denying the plaintiffs' motion for class certification. (Docket no. 35). On December 16, 2008 the Court granted plaintiffs' request to withdraw Count Three for breach of contract and to dismiss the claims against defendants McWilliams-Ballard, LLC and Jonnie Jameson with prejudice. (Docket no. 39). On December 19, 2008 the Court entered an Order denying the pending motions for leave to intervene and granting plaintiffs leave to file a second amended complaint "adding any additional plaintiffs, but not amending in any other respects." (Docket

no. 43). On January 12, 2009 a second amended complaint was filed. (Docket no. 47). The second amended complaint contained counts for violation of the ILSFDA, breach of contract and return of deposits against the same five defendants named in the first amended complaint filed by the *Plant* plaintiffs.

By an Order entered on March 16, 2009, Count Two alleging breach of contract was dismissed since that claim had been withdrawn by the plaintiffs previously and including that claim in the second amended complaint exceeded the scope of the Court's earlier Order granting leave to file the second amended complaint. (Docket no. 69). In that same Order, plaintiffs were awarded partial summary judgment on Count One of the second amended complaint (violation of the ILSFDA) "insofar as (i) the 24-month UPA sales contracts are not exempt, pursuant to 15 U.S.C. § 1702(a)(2), from ILSFDA's reporting and disclosure requirements; (ii) the 36-month UPA sales contracts are not exempt, pursuant to 15 U.S.C. § 1702(b)(1), from ILSFDA's reporting and disclosure requirements; and (iii) it is undisputed that defendants failed to comply with ILSFDA's reporting and disclosure requirements with respect to all sales contracts at issue." (Docket no. 69).

After this matter was referred to the undersigned, a status conference was held with counsel on April 15, 2009 to discuss the briefing and schedule for arguing the issue of the appropriate remedy, if any, the plaintiffs may be entitled to obtain under the ILSFDA given the Court's granting of partial summary judgment. (Docket no. 73). Following the conclusion of an unsuccessful settlement conference, an Order was entered requiring the parties to file simultaneous opening briefs by May 8, 2009 and opposing briefs by May 15, 2009 concerning what remedy, if any, may be appropriate for these plaintiffs pursuant to the ILSFDA. (Docket no. 74). The opening briefs (Docket nos. 75 and 76) and the opposing briefs (Docket nos. 79

3

and 80) were filed timely. On May 20, 2009 counsel for the parties were given the opportunity to present argument before the undersigned to address the issue of what remedy, if any, would be available to the plaintiffs under the ILSFDA. (Docket no. 81).

## Factual Background

The facts surrounding plaintiffs' claims and the defendants' defenses have been developed fully by the Court in its earlier Orders and only those limited facts relating to the remedy issue are addressed in this section.

As the Court noted in its March 16, 2009 Order (Docket no. 69), the plaintiffs entered into Unit Purchase Agreements ("UPAs") with Merrifield in June or July 2005 and paid an initial deposit upon signing the UPA and a second deposit approximately 180 days later. Those deposits were paid to defendant Walker Title & Escrow Company and those deposits remain with that defendant. Merrifield did not sign the UPAs immediately but waited until August or September 2005.

The first complaint filed by any of the plaintiffs in this action was filed on April 17, 2008, more than two years but less than three years after the UPAs were signed by the plaintiffs. On December 19, 2008, January 7, 2009 and February 6, 2009 the Court ordered the parties to meet and confer and prepare an agreed list of stipulated facts "including specifically facts relating to whether each plaintiff timely provided any required notice of rescission." (Docket nos. 43, 46 and 59). While the parties did file a joint pleading enumerating stipulated facts, there was no mention of what, if any, notice of rescission was provided to the defendants from each plaintiff in that submission. (Docket no. 60). In the opening brief filed by the plaintiffs before the undersigned, plaintiffs state unequivocally that they are not asserting any claim that depends or relies in any way upon the right of revocation provided in Section 1703(c) of the

4

ILSFDA. (Docket no. 76, pg. 7-8). In their opposing brief the plaintiffs state that the two-year notice of revocation requirement does not apply in this case since it only applies to claims seeking rescission under 15 U.S.C. § 1703(c) and they are not pursuing a claim under that section. (Docket no. 79, pg. 2, 5). Plaintiffs state that they have complied with the three-year limitation period by filing this action within three years of the signing of the UPAs. (Docket no. 79, pg. 5). During the hearing before the undersigned on May 20, 2009, counsel for the plaintiffs confirmed that the plaintiffs are not pursuing any right of revocation under 15 U.S.C. § 1703 (b), (c) or (d) but are suing for damages under 15 U.S.C. § 1709 and therefore there was no need for plaintiffs to give the defendants notice of revocation within two years of the signing of the UPAs. Based on these written and oral representations from plaintiffs' counsel, it appears that the plaintiffs acknowledge that they did not provide the defendants with notice of their intent to revoke the UPAs within two years of when they were signed and as a result they are not seeking revocation of the UPAs under 15 U.S.C. § 1703(b), (c) or (d).

The parties agree that this action was filed within three years of the signing of the UPAs by the plaintiffs included in the initial and first amended complaints.[1]

## The Applicable Provisions of the ILSFDA

The ILSFDA provides that the sale of any lot not exempt from its provisions must comply with various disclosure and registration requirements and sales practices. In general, Section 1703(a)(1) details certain disclosure and registration requirements and Section

---

[1] The issue of whether the claims asserted by the plaintiffs added in the second amended complaint filed in January 2009 are timely was not addressed by the parties in their submissions before the undersigned. Section 1711 provides that no action shall be maintained under Section 1709 with respect to a violation of 1703(a)(1) more than three years after the date of signing of the contract. Defendants have included in their answer to the second amended complaint an affirmative defense based on the statute of limitations. (Docket no. 51, pg. 4).

1703(a)(2) describes certain prohibited sales activities.[2] Section 1703(b) provides that any non-exempt contract may be revoked at the option of the purchaser within seven days following the signing of the contract. Section 1703(c) provides that for any contract for the sale of a lot for which a property report is required and it was not given to the purchaser in advance of the signing of the contract, the contract may be revoked at the option of the purchaser within two years from the date of the signing. This provision also requires that the contract "shall clearly provide this right." Section 1703(d) also provides the purchaser with the right to revoke the contract within two years of its signing under certain terms and conditions, none of which appear to be at issue in this dispute. Section 1703(e) provides that if a purchaser revokes a contract under Section 1703(b), (c) or (d) and tenders to the seller an instrument conveying the rights in the lot and the lot is in a substantially similar condition as at the time it was conveyed to the purchaser, the purchaser is entitled to the repayment of all money paid under the contract.

Section 1709 titled "Civil liabilities" provides certain remedies recoverable for violations of the ILSFDA. Section 1709(a) provides that a purchaser may bring an action against a developer or agent if the sale was made in violation of Section 1703(a). Section 1709(a) then provides that for a violation of Section 1703(a):

> the court may order damages, specific performance, or such other relief as the court deems fair, just, and equitable. In determining such relief the court may take into account, but not be limited to, the following factors: the contract price of the lot or leasehold; the amount the purchaser or lessee actually paid; the cost of any improvements to the lot; the fair market value of the lot or leasehold at the time relief is determined; and the fair market value of the lot or leasehold at the time such lot was purchased or leased.

---

[2] The Court has found the defendants failed to comply with the disclosure and reporting provisions in Section 1703(a)(1).

Section 1709(b) provides that a purchaser may bring an action against the seller to enforce any right under Section 1703(b), (c), (d) or (e), the provisions relating to revocation. Section 1709(c) provides that the amount recoverable in a suit under the ILSFDA may include, in addition to the matters specified in subsections (a) and (b), interest, court costs and reasonable amounts for attorneys' fees, independent appraisers' fees and travel to and from the lot.

Section 1711 titled "Limitation of actions" provides that no action may be maintained under Section 1709 for a violation of Sections 1703(a)(1) or (a)(2)(D) more than three years after the date of signing of the contract. An action for a violation of Sections 1703(a)(2)(A), (B) or (C) may not be maintained more than three years after discovery of the violation or after discovery should have been made by the exercise of reasonable diligence. Finally, Section 1711(b) provides that no action to enforce the rights of revocation under Section 1703(b), (c), (d) or (e) may be maintained unless brought within three years after the signing of the contract.

### Plaintiffs' Position

Through the briefing and argument before the undersigned, the plaintiffs have stated repeatedly that they are not seeking revocation (or rescission) of the UPAs pursuant to 15 U.S.C. § 1703(b), (c) or (d) but are seeking an award of damages for the violation of the ILSFDA under 15 U.S.C. § 1709(a) and (c). Plaintiffs state that the damages that they seek to recover for the violation of the ILSFDA pursuant to Section 1709(a) and (c) are the recovery of their earnest money deposits, interest that accrued during the period of loss of use of that money and legal fees. (Docket no. 79, pg. 2). While plaintiffs acknowledge that the return of their earnest money deposits is essentially the same remedy available under Section 1703(e) upon effective revocation of a contract pursuant to Sections 1703(b), (c) or (d), they state that does not preclude

7

them from seeking the return of their deposits as an element of damages under Section 1709(a) for a violation of Section 1703(a).

Plaintiffs assert that this is an action for damages under Section 1709(a) and (c), not to enforce a right of revocation under Section 1709(b), and it was brought within the three-year limitation period in Section 1711(a). Plaintiffs argue that the defendants' reliance on the two-year notification requirement in Section 1703(c) is misplaced since the plaintiffs are not seeking revocation or a remedy under that provision. Plaintiffs request that the Court recommend the dismissal of any defense based on the argument that the two-year notice requirement in Section 1703(c) bars plaintiffs' claims for damages and attorneys' fees under Section 1709(a) and (c).

## Defendants' Position

Defendants argue that a review of the second amended complaint and plaintiffs' previous written submissions and oral statements to the Court, reveals that the plaintiffs are seeking to have the UPAs revoked and their deposits returned. Defendants state that in order to obtain this remedy of revocation under Section 1703(c), the plaintiffs must comply with the two-year notice requirement in that section and the other requirements in Section 1703(e). Defendants point to the undisputed fact that plaintiffs have no intention of purchasing the units subject to the UPAs but instead wish to have those agreements declared void and their deposits returned as proof that this is an action for revocation which should be dismissed for failure to comply with the two-year notice requirement.[3] Defendants contend that the relief that the plaintiffs now seem to be seeking in this action as "damages" is the identical relief that plaintiffs

---

[3] Defendants acknowledge that while the notice of revocation must be given within two years of the signing of the contract, a cause of action to enforce a properly asserted right of revocation may be filed within three years of the signing of the contract under Section 1711(b).

8

would be entitled to obtain under Section 1703(e) if the UPAs had been revoked properly under the provisions of Section 1703(b), (c) or (d). Defendants argue that if the Court allows the plaintiffs to seek that relief as "damages" under Section 1709(a), it would nullify the statutory notice requirements in Section 1703(b), (c) and (d).

Defendants reiterate that the sole claim plaintiffs are pursuing in this action is a violation of the ILSFDA. This case is not for breach of contract, a common law claim for rescission or a declaration that the contracts are void. As such, defendants suggest that the plaintiffs are not entitled to any remedy based on a review of the relief they are requesting and their failure to comply with the revocation notice requirement in the ILSFDA.

## Proposed Findings and Recommendations

While the plaintiffs state they "have never made and hereby renounce, reject, waive and forever abjure any claim on their behalf that their claims for damages under Section 1709 of the Act depend or rely in any way upon the right of revocation provided by Section 1703(c) of the Act", the second amended complaint and the pleadings previously filed in this case are not as definitive. (Docket no. 76, pg. 7-8). Even though it may not be necessary given the plaintiffs' representations, the undersigned will address the issue of whether the plaintiffs are entitled to seek revocation under Section 1703(c) and the remedy provided in Section 1703(e).

Section 1703(c) provides that when a property report has not been provided to a purchaser prior to the signing of the contract, the contract may be revoked at the option of the purchaser within two years from the date of such signing. Plaintiffs do not contend that they provided any notice of their intent to revoke their UPAs within two years of their signing. The overwhelming majority of cases discussing the right of revocation provided in Section 1703(b),

9

(c) and (d), find that the time periods set for revocation require that the purchaser at least notify the seller of the intent to revoke within those time periods or the right to revoke is lost. These cases construe the time periods in Section 1703(b), (c) and (d) to be dates by which notice must be provided to the seller and any action to enforce the right of revocation under those sections must be filed within three years of the signing of the agreement pursuant to Section 1711(b). *Taylor v. Holiday Isle, LLC*, 561 F. Supp. 2d 1269, 1273 (S.D. Ala. 2008) ("Section 1703(c) provides that a purchaser must exercise revocation rights within two years. If the developer/seller refuses to honor the purchaser's timely rescission of the purchase agreement under § 1703(c), then the purchaser has a third year (pursuant to § 1711(b)) in which to file suit to enforce that right of rescission. But if the purchaser fails to rescind the contract within those first two years, as required by § 1703(c), that right of rescission is extinguished by the plain operation of that section"); *Ditthardt v. North Ocean Condos, L.P.*, 580 F. Supp. 2d 1288, 1292 (S.D. Fla. 2008) (finding the reasoning in *Taylor* persuasive and joining its conclusion)[4]; *Gentry v. Harborage Cottages-Stuart, LLLP*, 602 F. Supp. 2d 1239, 1252 (S.D. Fla. 2009) (dismissing claim for revocation for failure to revoke the purchase agreement within the two-year statutory period but since the complaint was filed within three years of the signing of the contract the claim for damages is not barred by the statute of limitations); *Meitis v. Park Square Enterprises,*

---

[4] Plaintiffs point out that Judge Hurley has retreated from his earlier opinion in *Ditthardt* in his recent decision in *Jankus v. The Edge Investors, L.P.*, 2009 U.S. Dist. LEXIS 29110 (S.D. Fla. 2009). In that decision the Court "recedes" from its earlier holding in *Ditthardt* and states that the two-year rescission window is not a statute of limitations and that a developer's failure to give the statutorily mandated notice of rescission rights under Section 1703(c) extends the buyer's rescission period until two years after the disclosure is made. Where the required property report disclosures are never made, the buyer's rescission period runs the full length of the three-year statute of limitations.

*Inc.*, 2008 U.S. Dist. LEXIS 108414 (M.D. Fla. 2008) (adopting the reasoning in *Taylor* as to plaintiff's claim for rescission)[5].

Defendants also rely on this Court's decision *Orsi v. Kirkwood*, 1992 WL 511406 (E.D. Va. 1992) in support of their argument that any claim for revocation is barred because it was not asserted within the two-year period. In *Orsi* the District Court found that the two-year limitation period for a rescission claim based on a developer's failure to provide buyers with a property report must be given effect even when the contract does not set forth the right of rescission as required by the ILSFDA. The plaintiffs argued that because the contract did not provide the required notice of the right to rescind, the three-year limitation period should apply. The District Court found that argument to be "not supported by any authority" and referred to the Fourth Circuit's decision in *Lukenas v. Bryce's Mountain Resort, Inc.*, 538 F.2d 594, 597 (4th Cir. 1976) where it is implied that under Section 1703, the period for a claim for rescission remained two years regardless of the defendant's failure to provide the property report.

On appeal, the Fourth Circuit noted that the plaintiffs had alleged various violations of the ILSFDA, including the failure to provide property reports and the failure to set forth the right to rescind in the purchase contracts. *Orsi v. Kirkwood*, 999 F. 2d 86, 88 (4th Cir. 1993). The Orsis signed their sales contract on July 7, 1988 and filed suit on July 5, 1991 (more than two years but less than three years after the signing of the contract). *Orsi*, 999 F. 2d at 88, 90. While the Court stated that "their damages claim is the only one of the plaintiffs' statutory

---

[5] In *Meitis v. Park Square Enterprises, Inc.*, 2009 U.S. Dist LEXIS 24406 (M.D. Fla. 2009) the Court reconsidered its earlier decision dismissing the ILSFDA claim and found that the claim could proceed "to the extent it calls for remedies other than rescission" since it was filed within three years of the signing of the contract.

11

claims not time barred", it then noted that because the seller was exempt from the requirements of the ILSFDA, the issue of whether the two-year limitation applied even though the Orsis were not notified of their right to rescind did not need to be reached. *Orsi*, 999 F.2d at 90.

Based on a review of the authorities cited by the parties and the arguments presented by counsel concerning their respective positions on the issue of whether the revocation remedy under Section 1703(b) is sought or could be available to the plaintiffs, the undersigned magistrate judge recommends a finding that to the extent the plaintiffs are seeking revocation under Section 1703(b), (c) or (d) or a remedy under Section 1703(e), those claims are barred by plaintiffs' failure to invoke their right of revocation under the ILSFDA within the required time period. The recent decision in *Jankus* is contrary to the vast majority of decisions addressing this issue and is inconsistent with the provisions of Section 1703(c).

A finding by this Court that plaintiffs are barred from pursuing a claim for revocation under Section 1703(b), (c) or (d) does not end the inquiry as to what, if any, remedy may be available to the plaintiffs. Plaintiffs state that this case involves a claim for damages under Section 1709(b) and (c) and that their claim for damages is not barred by any notice or statute of limitations requirement in the ILSFDA. Defendants continue to argue that the damages the plaintiffs seek to recover are the same as the relief they would have obtained under a revocation remedy and the Court should not allow the plaintiffs to obtain the same relief through a different means. The defendants also assert that if the plaintiffs are seeking damages and not revocation, then the UPAs remain valid and the plaintiffs are not absolved from their responsibilities under the UPAs. Furthermore, defendants contend that each plaintiff must prove whatever damages he or she sustained as a result of the alleged violations of the ILSFDA.

There is no dispute that for the plaintiffs included in the initial and first amended complaints, those claims were filed within the three-year limitation period in Section 1711.[6] This Court has found the defendants to be in violation of Section 1703(a)(1), and Section 1711(a)(1) provides that no action shall be maintained for a violation of that section more than three years after the date of the signing of the contract. Section 1709(a) provides that a purchaser can bring an action for "damages, specific performance, or such other relief as the court deems fair, just, and equitable" for a violation of Section 1703(a). Plaintiffs' second amended complaint includes as a prayer for relief for the ILSFDA claim "the amount of the compensatory and consequential damages proven at trial to have been proximately caused to Plaintiffs and the Class by the violations complained of herein, not less than FIVE MILLION, FIVE HUNDRED AND EIGHTY THOUSAND ($5,580,000) DOLLARS, together with the costs and attorney fees incurred in bringing this suit." (Docket no. 47, pg. 10). Accordingly, the undersigned magistrate judge recommends a finding that plaintiffs are entitled to pursue a claim for *damages* for the violation of Section 1703(a). In the event the plaintiffs are successful in proving at trial the amount of damages proximately caused by the defendants' violations of the ILSFDA, then the plaintiffs may also be entitled to recover interest, court costs and reasonable amounts for attorneys' fees and independent appraisers' fees pursuant to Section 1709(c).[7]

---

[6] The issue of whether the claims raised by the plaintiffs added in the second amended complaint filed on January 12, 2009 can be deemed to relate back to the filing of the original complaint under Fed. R. Civ. P. 15(c) has not been addressed by the parties. *See, Goodman v. Praxair, Inc.*, 494 F. 3d 458 (4th Cir. 2007).

[7] The recovery of attorneys' fees is discretionary under Section 1709(e) and if they are awarded, they must be found to be reasonable under the standards set forth in *Robinson v. Equifax Info. Servs., LLC*, 560 F. 3d 235, 243-47 (4th Cir. 2009); *Grissom v. The Mills Corp.*, 549 F. 3d 313, 320 (4th Cir. 2008) and *Plyler v. Evatt*, 902 F. 2d 273, 277-78 (4th Cir. 1990).

While there is no limitation on what type of damages may be recoverable by the plaintiffs under Section 1709(a), each plaintiff must present sufficient proof to the trier of fact to establish that he or she was injured by a violation of the ILSFDA and show the amount of damage proximately caused by the violation. Even though plaintiffs may, upon proper proof, be entitled to recover the same type of damages under Section 1709(a) as they could have obtained under the right of revocation pursuant to Section 1703(c) and (e), the road is not as easy. Pursuant to Section 1703(c), the plaintiffs had an automatic right to revoke the UPAs and if they complied with the provisions of Section 1703(e), they would be entitled to the repayment of all money paid under the UPAs. No proof of damages would be required under those provisions, other than establishing the amount of money paid under the UPAs. Since plaintiffs have not revoked the UPAs and are seeking damages instead, they are required to prove at trial the damages proximately caused by the violation of the ILSFDA.

Plaintiffs have stated repeatedly in the proceedings before the undersigned that the UPAs are "unlawful contracts" and that they are "voidable" and "void". They also state that all the money paid pursuant to these "unlawful" contracts should be returned, claiming that the proper remedy for a party to a void contract is a full refund of any consideration paid thereunder. (Docket nos. 76, 79). The issue of whether the UPAs would be declared void under Virginia law is not before this Court.[8] Similarly, what remedy would be appropriate under a common law rescission claim is not before the Court. The only claim asserted by the plaintiffs in this

---

[8] While the general rule in Virginia is that a contract based on an act forbidden by statute is void and no action will lie to enforce the contract, that general rule is subject to exceptions based on the intent of the legislature and the Court must look to language of the statute, the subject matter, the wrong it seeks to prevent and the purpose to be accomplished. *Blick v. Marks, Stokes and Harrison*, 234 Va. 60, 64 (1987).

14

action is a claim under the ILSFDA and the only remedies available to the plaintiffs are those remedies provided for in the ILSFDA.

The undersigned has located a single opinion discussing the issues involving damages in circumstances similar to those presented by the plaintiffs. *Murray v. Holiday Isle, LLC*, 2009 U.S. Dist. LEXIS 24501 (S.D. Ala. 2009) is a later decision in the case previously styled *Taylor v. Holiday Isle, LLC*, 561 F. Supp. 2d 1269 (S.D. Ala. 2008) discussed above. In that case the Court dismissed plaintiffs' rescission claims as untimely but allowed any "non-rescission aspects" of the ILSFDA claim to proceed. The plaintiffs claimed that the seller failed to provide the mandatory statutory language in the agreements concerning plaintiffs' rescission rights. One of the issues addressed by the Court on a motion for summary judgment was whether the plaintiffs were damaged by the defendant's omission of the required language regarding plaintiffs' rescission rights. That Court found as a matter of law that the defendant did not provide the required property report or the required language apprising the plaintiffs of their right to rescind for want of a property report. The Court also found that the defendants are liable to the plaintiffs for any damages the plaintiffs incurred that were proximately caused by that Section 1703(c) violation. The defendant moved for partial summary judgment arguing that the plaintiffs cannot prove that they were damaged in any way by the failure to include the required language concerning the right to rescind in the agreements. The plaintiffs argued that the evidence presented in opposing the motion for summary judgment established that if the defendant had included the language required by Section 1703(c) concerning their rescission rights, they would have rescinded the agreements within the two-year period, and they would not have lost their security deposits. In responding to the defendant's argument that the

15

plaintiffs were seeking no damages other than their lost deposits, along with interest and attorneys' fees, the Court said it was of no consequence that the only damages sought were the return of the deposits and if the plaintiffs can establish that (a) defendant did not tell them of their right to rescind; (b) they did not know of their right to rescind until after the two-year rescission period had expired; (c) they would have timely exercised their rescission option had they been informed of those rights as required by the ILSFDA; and (d) they have incurred damages as a result of their inability timely to exercise their rescission option, then they are entitled to recover those damages. *Murray*, 2009 U.S. Dist. LEXIS 24501 at \*\*27-29.

The underlying facts and legal issues presented in *Murray* are similar to those raised in this case, as are the claims for damages and arguments made by the parties. The undersigned finds the reasoning in *Murray* to be persuasive and a logical and reasonable way to construe the overlapping provisions in the ILSFDA. Given plaintiffs' failure to exercise their right of revocation within the two-year time period, they are required to proceed on the more difficult route of having to prove that a violation of the ILSFDA proximately caused them to sustain damages. If in fact each plaintiff can convince the trier of fact that he or she did not know of the right to rescind the UPA until after the two-year period had expired and that he or she would have exercised that right in a timely manner if the notice had been included in the documents, then he or she may be entitled to recover the deposits paid under the UPA as an element of damage resulting from a violation of the ILSFDA. Issues relating to what a plaintiff knew at a particular point in time and what a plaintiff would have done if he or she had been provided with the required notice are all factual issues and will involve credibility determinations to be made by the finder of fact.

16

For these reasons the undersigned recommends that the parties be allowed to conduct discovery on the issues that plaintiffs will need to prove to establish their claim for damages under Section 1709(a) and (c).

## Notice

By means of the Court's electronic filing system the parties and the public are notified that objections to this proposed findings of fact and recommendations must be filed within ten (10) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 1st day of June 2009.

/s/
John F. Anderson
United States Magistrate Judge
United States Magistrate Judge

Alexandria, Virginia