IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ZHOU JIE PLANT, et al., <br> Plaintiffs, <br><br> v. <br><br> MERRIFIELD TOWN CENTER <br> LIMITED PARTNERSHIP, et al., <br> Defendants. | No. 1:08cv374 <br><br> *CONSOLIDATED WITH* <br> *No. 1:08cv566* |

## ORDER

In this federal question suit, plaintiffs, approximately one hundred fifteen purchasers of condominiums, sue the seller and certain associated entities pursuant to the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. § 1701 *et seq*. Specifically, plaintiffs seek rescission of their sales contracts and return of their deposits because, they contend, the sales contracts were subject to ILSFDA's disclosure requirements and defendants failed to comply with those requirements. Defendants do not contend that they complied with ILSFDA's disclosure requirements; rather, defendants counter that the sales contracts were exempt from ILSFDA's requirements pursuant to 15 U.S.C. § 1702(a)(2), which exempts sales contracts that obligate the seller to build the purchased unit within two years. The Court rejected defendant's argument in this regard and awarded plaintiffs partial summary judgment, holding § 1702(a)(2) inapplicable because the contracts at issue did not obligate defendants to build within two years of the date plaintiffs signed the contracts. *See Plant v. Merrifield Town Ctr. Ltd. P'ship*, No. 1:08cv374 (E.D. Va. Mar. 16, 2009) (Order) (Docket No. 69) (citing *Ahn v. Merrifield Town Ctr. Ltd. P'ship*, 584 F. Supp. 2d 848 (E.D. Va. 2008)).

By Order dated March 24, 2009, the matter was referred to the United States Magistrate

Judge, pursuant to 28 U.S.C. § 636, to conduct hearings and file a Report and Recommendation addressing the "questions presented with respect to the appropriate remedy, if any, for the ILSFDA claims" brought by plaintiffs. *Plant*, No. 1:08cv374 (E.D. Va. Mar. 24, 2009) (Order). Thereafter, following full briefing and oral argument, a Report and Recommendation issued on June 1, 2009. *See Plant*, No. 1:08cv374 (E.D. Va. June 1, 2009) (Report and Recommendation). The parties filed objections and responses thereto, and on July 10, 2009, the matter came before the Court for a hearing on those objections. In the end, for the reasons stated from the Bench, the parties' objections were overruled, and the Report and Recommendation was adopted in part and modified in part. In addition, trial was scheduled for 10:00 a.m., Wednesday, November 4, 2009, and the parties were directed to proceed with discovery forthwith, which discovery is to close at 5:00 p.m., Friday, September 11, 2009. This Order reflects the Bench ruling and explains the modifications to the Report and Recommendation.

The Report and Recommendation, distilled to its essence, proposes two findings, namely

(i) that plaintiffs *are not* entitled to the automatic statutory revocation remedies provided in 15 U.S.C. § 1703(b), (c), and (d); and

(ii) that plaintiffs *are* entitled to seek a "damages" remedy under 15 U.S.C. § 1709(a) and (c) for defendants' ILSFDA violations, *subject to* each plaintiff's ability to adduce sufficient proof of a causal link between the "damages" sought and the violation at issue.

The first proposed finding is adopted in whole, and accordingly plaintiffs may not seek the automatic revocation remedies provided in 15 U.S.C. § 1703(b), (c), and (d). The second finding is adopted in part and modified in part for the reasons stated below, and each plaintiff will be entitled to pursue the following remedies:

(i) such "relief as the court deems fair, just, and equitable," pursuant to § 1709*(a)*, for any § 1703(a) violation provided that each such plaintiff can establish a basis for equitable relief; and

(ii) any equitable remedy, pursuant to § 1709(b), for any § 1703(b), (c), or (d) violation provided that each such plaintiff can establish a basis for equitable relief.

See § 1709(a), (b).[1]

Importantly, although similar in substance to the Report and Recommendation's second proposed finding, this Order's finding regarding the remedies available to plaintiffs modifies the Report and Recommendation in three respects. First, § 1709*(a)* provides a remedy only for § 1703*(a)* violations, whereas § 1709*(b)* provides the appropriate remedy for violations of § 1703(b), (c), or (d) (including failure to provide any notices required by those subsections). In this respect, the Report and Recommendation must be modified to the extent it suggests that a § 1709*(a)* remedy is appropriate for violations of § 1703(b), (c), or (d).

Second, the Report and Recommendation labels the proposed remedy as "damages" when, in fact, it is clear on this record that the only remedies sought by plaintiffs are equitable in nature. More specifically, although plaintiffs have, at times, *labeled* the remedies they seek as "damages," plaintiffs have unequivocally maintained throughout this case that they seek only two remedies, namely (i) rescission of their contracts and (ii) return of their deposits. With respect to the former, although plaintiffs' second amended complaint does not specifically seek "rescission" by name, plaintiffs' have repeatedly acknowledged that they seek to avoid performance under the sales

---

[1] In addition, plaintiffs may seek to recover, if appropriate, those amounts recoverable pursuant to § 1709(c), as reflected in the Report and Recommendation.

contracts, which avoidance is functionally equivalent to rescission.[2] Moreover, plaintiffs' only proffered "damages" measure has been return of their deposits paid under the contracts, a form of restitution plainly consistent with equitable relief providing for rescission and corresponding return of the deposits, not with a legal damages remedy.[3] Thus, it appears on this record, based on a fair reading of all of plaintiffs' pleadings and oral representations, that plaintiffs have elected to seek

---

[2] In this respect, the second amended complaint seeks both (i) entry of "declaratory judgment declaring that the Contracts entered into by the named Plaintiffs . . . were obtained in violation of [ILSFDA] and by reasons of violations of the [ILSFDA] and [sic] are void"; and (ii) an order "[e]njoining [d]efendant Merrifield Town Center . . . from initiating or prosecuting any suit against a named Plaintiff . . . except by way of a counterclaim in this case." Second Am. Compl. at 9–10. Importantly, plaintiff acknowledged as recently as the June 10 hearing that this purported combination of declaratory and injunctive relief is the functional equivalent of rescission. Accordingly, notwithstanding plaintiffs' *labels* for the relief they seek, the *substance* of the remedy they seek clearly appears to be rescission. *See, e.g., Griggs v. E.I. DuPont de Nemours & Co.*, 385 F.3d 440, 445–46 (4th Cir. 2004) (observing in Employee Retirement Income Security Act context the general rule that where party seeks to avoid a transaction by seeking a court order, that party seeks equitable rescission, not a remedy at law for damages); *see also, e.g., Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 18–19 (1979) (observing in the Investment Advisers Act context that the "customary legal incident of [a contract's] voidness . . . includ[es] the availability of a suit for rescission or for an injunction against continued operation of the contract, and for restitution"); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 388 (1970) (similarly equating Securities Exchange Act action to enforce statute rendering contract void as an action for rescission).

[3] It is true, as the Report and Recommendation points out, that plaintiffs' second amended complaint seeks "compensatory and consequential damages" for defendants' ILSFDA violations in an amount no less than $5.8 million, as well as costs and attorney fees. Second Am. Compl. at 10. Yet, it is clear from the record as a whole that plaintiffs do *not* seek a "damages" remedy (which would require that they perform under the contracts); rather, plaintiffs seek equitable relief, namely rescission of their contracts and return of their deposits. Indeed, at the recent July 10 hearing, plaintiffs' counsel again reaffirmed that plaintiffs' only requested monetary relief is return of their deposits and that they do not seek to perform under the contracts. This relief, which plaintiffs' counsel labels as "damages," clearly appears to be relief that is equitable in nature. *See, e.g., Griggs*, 385 F.3d at 445–46.

equitable relief, not damages, and plaintiffs must be bound by that choice.[4]

Finally, in labeling the proposed remedy with the term "damages," the Report and Recommendation did not fully address the import of § 1709's language clearly providing for *equitable* remedies—*i.e.*, (i) in the case of § 1709(a) relief, "damages, specific performance, *or such other relief as the court deems fair, just, and equitable*"; and (ii) in the case of § 1709(b) relief, *any* remedy "at law *or in equity* . . . to enforce any right under" § 1703(b), (c), or (d). *See* § 1709(a), (b) (emphasis added). This statutory language is important, as it clearly provides a basis for plaintiffs to pursue the equitable relief they seek, namely rescission of their sales contracts and return of their deposits, provided that each plaintiff can establish a basis for equitable relief.

In sum, consistent with the Report and Recommendation as adopted in part and modified in part herein, each plaintiff will be permitted to seek return of their deposits and rescission of the sales contracts pursuant to either § 1709(a) (for any § 1703(a) violations) or § 1709(b) (for any § 1703(b), (c), or (d) violations), *provided* that each plaintiff can establish a basis for such equitable relief with respect to the specific violation at issue.[5] Importantly, this relief is *not* the *automatic* revocation

---

[4] Although it appears on this record that plaintiffs have abandoned any claim for *automatic revocation* pursuant to § 1703(c), plaintiff have not explicitly abandoned claims for equitable relief pursuant to § 1709(a) or (b).

[5] Notably, this Order does not specify the showing that will be required for a particular plaintiff to receive equitable relief for a particular ILSFDA violation, nor does this Order address any equitable defenses that may be available to defendants to rebut a given plaintiff's showing. In this regard, although the Report and Recommendation suggested that *Murray v. Holiday Isle, LLC*, ___ F. Supp. 2d ___, No. 07cv0771, 2009 WL 857406 (S.D. Ala. Mar. 25, 2009), may provide the appropriate standard for *damages* relief for certain ILSFDA violations, the Report and Recommendation did not address whether *Murray*'s analysis applies equally where, as here, plaintiffs seek *equitable* relief. This Order expresses no view as to these issues, as they and other issues will be the subjects of a forthcoming 28 U.S.C. § 636 reference to the Magistrate Judge.

under § 1703(b), (c), or (d), to which plaintiffs *are not* entitled as a result of their failure to comply with those provisions' time requirements.[6] Accordingly, given that no motions (for summary judgment or otherwise) are currently pending, it is appropriate at this stage for the parties to proceed with discovery with respect to these remedy issues and all other issues still outstanding in this case.

Accordingly, for these reasons, for the reasons stated from the Bench, and for good cause,

It is hereby **ORDERED** that the Report and Recommendation (Docket No. 82) is **ADOPTED IN PART** and **MODIFIED IN PART** in accordance with this Order.

It is further **ORDERED** that the parties' objections (Docket Nos. 83 and 85) are

---

[6] Importantly, permitting plaintiffs to pursue the equitable remedy of rescission on a proper showing does not read the time requirements of § 1703(b), (c), and (d) out of those subsections. Rather, the time limitations in those subsections govern those circumstances in which an aggrieved purchaser seeks to enforce an *automatic, unconditional* right to revoke consistent with those subsections' requirements. By contrast, the three-year limitation period of 15 U.S.C. § 1711 governs those circumstances in which a purchaser seeks rescission that is not automatic, but must be supported by proper proof. The scant case law addressing these issues has incorrectly presumed that the *only* ILSFDA revocation or rescission remedies are those automatic revocation rights in § 1703(b), (c), and (d). *See, e.g., Taylor v. Holiday Isle, LLC*, 561 F. Supp. 2d 1269, 1271–72 (S.D. Ala. 2008) (accepting defendant's position "that rescission is an available remedy under the ILSFDA *only* if a plaintiff invokes such remedy within two years after he or she signs the purchase agreement" (emphasis added)); *Jankus v. Edge Investors, L.P.*, ___ F. Supp. 2d ___, No. 08cv80200, 2009 WL 961154, at *6 (S.D. Fla. Apr. 8, 2009) (holding that "theoretical action for damages under § 1709(b) is not a meaningful alternative" to automatic revocation where plaintiff "is still bound to perform under the contract of purchase" but not addressing whether *non-automatic* revocation under § 1709(b) may be appropriate on a proper showing). In this regard, § 1709's plain terms make pellucidly clear that equitable remedies (such as rescission and return of deposits) may be ordered, *where justified by the facts of a particular case*, for § 1703 violations such as those alleged here. Although *Orsi v. Kirkwood*, 999 F.2d 86 (4th Cir. 1993), suggested in *dicta* that ILSFDA "provides a two-year statute of limitations for rescission of a contract to buy property[,]" the Fourth Circuit panel that decided *Orsi* explicitly sidestepped whether a two-year statute of limitations applied to the rescission sought in that case, holding instead as a threshold matter that ILSFDA did not apply to the contracts at issue. *Id.* at 89, 90 n.2. Moreover, *Orsi* appears to have involved plaintiffs seeking only *automatic* revocation under § 1703(c), not equitable relief on a proper evidentiary showing.

**OVERRULED**, and defendants' motion (Docket No. 87) to strike plaintiffs' objections is **DENIED**.

It is further **ORDERED** that the parties are to proceed in accordance with the following schedule:

(1) the parties are **DIRECTED** to proceed with discovery on the outstanding issues in this case, which discovery will close at 5:00 p.m., Friday, September 11, 2009; and

(3) trial in this matter is **SCHEDULED** for 10:00 a.m., Wednesday, November 4, 2009.[7]

The Clerk is directed to send a copy of this Order to the Magistrate Judge and all counsel of record.

Alexandria, Virginia
July 21, 2009

/s/
T. S. Ellis, III
United States District Judge

---

[7] Although the parties appear to dispute whether a bench trial or jury trial is appropriate in this case, that issue has not been raised by the parties in any motion and is not addressed in this Order.