IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
OCT -7 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

ZHOU JIE PLANT, et al., )
    Plaintiffs, )
     )
v. ) No. 1:08cv374
     )
MERRIFIELD TOWN CENTER )
LIMITED PARTNERSHIP, et al. )
    Defendants. )

## ORDER

On October 2, 2009, plaintiffs, by counsel, filed a notice of filing of an involuntary petition in bankruptcy against defendant Merrifield Town Center Limited Partnership ("Merrifield") advising the Court that Merrifield was the subject of an involuntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia. Accordingly, the matter should be stayed with respect to Merrifield pursuant to the automatic stay provisions set forth in 11 U.S.C. § 362(a).

Moreover, plaintiffs argue that the automatic stay provisions set forth in 11 U.S.C. § 362(a) apply to the remaining defendants because their liability is "so integrated" with Merrifield's. Yet, it is well-settled that proceedings against non-bankrupt co-defendants are automatically stayed only in "'unusual circumstances'" when "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) (quoting *Matter of Johns-Manville Sales Corp.*, 26 B.R. 405, 410 (S.D.N.Y. 1983)). Plaintiffs do not contend that such "unusual circumstances" exist

here. Accordingly, they have not demonstrated that the automatic stay provisions of section 362(a) apply to defendants other that Merrifield.

Nonetheless, it is also well-established that "in suits between parties to a contract seeking rescission of that contract, all parties to the contract, and others having a substantial interest in it, are necessary parties." *Delta Fin. Corp. v. Paul D. Comanduras & Assocs.*, 973 F.2d 301, 305 (4th Cir. 1992). Because plaintiffs seek rescission of a contract between Merrifield and themselves, it is clear that Merrifield is a required party to the action within the meaning of Rule 19(a)(1), Fed. R. Civ. P. Accordingly, a stay of proceedings with respect to defendants other than Merrifield is appropriate pursuant to Rule 19(b), Fed. R. Civ. P.

Accordingly, for good cause shown,

It is hereby **ORDERED** that this matter is **STAYED** with respect to defendant Merrifield Town Center Limited Partnership pursuant to the automatic stay provisions set forth in 11 U.S.C. § 362(a).

It is further **ORDERED** that this matter is **STAYED** with respect to all other defendants pursuant to Rule 19(b), Fed. R. Civ. P.

The Clerk is directed to send a copy of this Order to all counsel of record and to place this matter among the inactive causes.

Alexandria, Virginia
October 7, 2009

T. S. Ellis, III
United States District Judge