IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



ZHOU JIE PLANT, et al., )
)
Plaintiffs, )
) Civil Action No. 1:08cv374 (TSE/JFA)
v. )
) Consolidated with
) Civil Action No. 1:08cv566
MERRIFIELD TOWN CENTER )
LIMITED PARTNERSHIP, et al., )
)
Defendants. )
)

## REPORT AND RECOMMENDATION

This matter is before the court on defendants' renewed/supplemental third motion for sanctions. (Docket no. 174). Given the nature of the sanctions that the undersigned believes are appropriate for the violations of the court's previous orders, a report and recommendation is being submitted to the District Judge pursuant to 28 U.S.C. § 636(b).

### Procedural Background[1]

On August 3, 2009, Merrifield Town Center Limited Partnership ("Merrifield"), Uniwest Group, LLC, Uniwest Development, LLC, and Michael D. Collier (collectively "defendants") served each plaintiff with a set of 20 interrogatories and 24 requests for production of documents by hand delivery to their counsel. (Docket no. 129, Ex. A). On or about August 18, 2009, the plaintiffs served objections to interrogatory numbers 2, 9, 16 and 20 and document request numbers 5, 9 and 17-22. (Docket no. 129, Ex. B). On September 2, 2009, plaintiffs filed a motion seeking a two-week enlargement of time to respond to discovery, stating "[t]he discovery

---

[1] The procedural history of this case prior to September 29, 2009 has been detailed in previous reports and recommendations filed with the court. (Docket nos. 82, 162). Only the procedural history directly relating to the pending motion for sanctions is included in this report and recommendation.

1

required responses from all 90 separate individuals who comprise some 65 separate contracts." (Docket no. 125).[2] No plaintiff served a response to any of the interrogatories or document requests within 30 days of service and defendants filed a motion to compel on September 4, 2009. (Docket no. 128). Following a hearing on September 11, 2009, the court entered an Order granting plaintiffs' motion and enlarging the time period for plaintiffs to serve responses to the defendants' interrogatories and document requests up to and including September 16, 2009 (Docket no. 137), and an Order granting in part and denying in part defendants' motion to compel (Docket no. 139). On September 16, 2009, plaintiffs filed an objection to the Order granting the motion to compel claiming that the Order requiring the plaintiffs to respond to interrogatory numbers 2 and 9 was erroneous. (Docket no. 143).

On September 16, 2009, counsel for the plaintiffs' filed a certificate of service of discovery with the court stating "Plaintiffs, Zhou Jie Plant *et al.*, by their undersigned counsel, hereby gives notice that they have served, via US Mail, their responses to discovery." (Docket no. 144). On September 18, 2009, defendants filed a second motion to compel and for sanctions stating that no discovery responses had been received from the plaintiffs even though the court had ordered responses to be served by September 16, 2009. (Docket no. 149). On September 23, 2009, plaintiffs filed an opposition to the second motion to compel stating: "Plaintiffs' discovery responses were served by mail on September 16, 2009. The second group of documents are in the process of being copied and should be produced on September 24, 2009. Supplemental interrogatory responses will also be served on that date. There is no need to file a motion to compel and no reason to grant one." (Docket no. 156). In the reply filed by the defendants on September 24, 2009, defendants stated that, on September 22, 2009, they received in the U.S. mail responses from 15 plaintiffs but only five plaintiffs had signed their responses to

---

[2] The docket sheet reveals that there are 120 individual plaintiffs included in this action.

2

the interrogatories and only four of those signatures were under oath as required by Federal Rule of Civil Procedure 33(b). (Docket no. 158). Following a hearing on the defendants' second motion to compel on September 25, 2009, the court entered an Order providing the following:

> The defendants' second motion to compel is granted. On September 11, 2009, the undersigned entered an Order (Docket no. 137) granting plaintiffs' request for an enlargement of time to serve discovery responses and required plaintiffs to serve their responses to defendants' interrogatories and requests for production of documents by September 16, 2009. It appearing to the court that a significant majority of the plaintiffs have failed to comply with this Order and have failed to respond to defendants' discovery requests, it is hereby ordered that each individual plaintiff shall serve full and complete responses to defendants' interrogatories (under oath) and requests for production of documents by 5:00 p.m. on Friday, October 2, 2009. Any plaintiff who fails to comply with this second Order under Fed. R. Civ. P. 37 shall be subject to sanctions under Fed. R. Civ. P. 37(b)(2), which may include costs and a recommendation to the District Judge to dismiss the claims asserted by the disobedient party.

(Docket no. 160).

On October 2, 2009, at 4:25 p.m. plaintiffs filed a motion requesting five additional days to respond to discovery representing that:

> The discovery required responses from all 90 separate individuals who comprise some 65 separate contracts.
>
> **The Plaintiffs have produced the vast majority of the signed interrogatories and all responsive documents.**
>
> There are approximately ten plaintiff [sic] who are unavailable notwithstanding efforts of counsel to reach them.

(Docket no. 164, emphasis added).[3]

---

[3] While plaintiffs' counsel represented to the court in that motion that the plaintiffs had produced the "vast majority of the signed interrogatories," in fact, by 5:20 p.m. on October 2, 2009, only 23 of the 120 plaintiffs had served sworn answers to the defendants' interrogatories. Defendants received signed responses to interrogatories from five or six plaintiffs prior to October 2, 2009, and at approximately 5:20 p.m. on October 2, 2009, defendants received signed responses from 18 additional plaintiffs. On October 2, 2009, defendants also received a set of signed answers to interrogatories from an individual who is not a plaintiff to this action (Ho N. Pham). (Docket no. 171).

3

While not mentioned in the motion for an enlargement of time filed at 4:25 p.m. on October 2, 2009, plaintiffs' counsel filed an involuntary petition in the United States Bankruptcy Court regarding Merrifield at 4:41 p.m. on October 2, 2009. (Docket no. 167-1).[4] A notice of filing of involuntary petition in bankruptcy against Merrifield was filed with this court by plaintiffs' counsel on October 2, 2009 at 5:07 p.m. (Docket no. 167). Prior to the plaintiffs' filing of the notice of involuntary bankruptcy petition, defendants filed a third motion for sanctions at 5:01 p.m. on October 2, 2009, stating that they had received sworn responses to interrogatories from only six plaintiffs even though the Court's September 25, 2009 Order required full and complete sworn responses from all the plaintiffs to be served by 5:00 p.m. (Docket no. 165).

On October 7, 2009, this court entered an Order noting that plaintiffs had filed a notice of an involuntary petition in bankruptcy against Merrifield and stayed the matter against Merrifield pursuant to 11 U.S.C. § 362(a). (Docket no. 168). In that Order the court explicitly held that the automatic stay provisions of section 362(a) did not apply to the other defendants, but that a stay of the proceedings as to the other defendants was appropriate under Federal Rule of Civil Procedure 19(b). (Docket no 168).

On December 4, 2009, defendants filed a motion to reopen case (Docket no. 173) that was granted by the Court on December 7, 2009 (Docket no. 175). In addition to the motion to reopen, the defendants filed a renewed/supplemental third motion for sanctions (Docket no. 174) supported with a memorandum (Docket no. 171) and a notice for a hearing on December 18, 2009 (Docket no. 172). In the memorandum, defendants state that, by the end of the day on

---

[4] On December 2, 2009, the involuntary petition was dismissed, the automatic stay was terminated and the Bankruptcy Court retained jurisdiction for the limited purpose of ruling on the debtor's request for an award of attorney's fees, costs and damages under 11 U.S.C. § 303(i). (Docket no. 169, Ex. A).

4

October 2, 2009, they had received responses to interrogatories from only 25 individuals. (Docket no. 171, Ex. A). Defendants also argue that plaintiffs' counsel represented to the Bankruptcy Court that all the remaining plaintiffs (other than Mr. Hashemzadeh) were "in full compliance with the District Court's order" and that if and when the stay is lifted, plaintiffs "will immediately serve all outstanding discovery". (Docket no. 171, Ex. C, pg. 9). After the stay was lifted by the Bankruptcy Court on December 2, 2009, no additional discovery responses were delivered to defendants' counsel. (Docket no. 171).

On December 8, 2009, the court entered an Order advancing the time for the hearing on defendants' motion for sanctions on December 18, 2009 from 10:00 a.m. to 9:00 a.m. (Docket no. 176).

On December 16, 2009 (more than 11 days after the defendants' motion was filed), plaintiffs filed a memorandum in opposition to the motion for sanctions stating that the "request for sanctions is improper because no discovery deadline has been violated and there is no violation [of] any Court order." (Docket no. 180). The bulk of the opposition attempts to justify the filing of the bankruptcy petition (pages 2-10) and states that when the bankruptcy proceeding was instituted at 4:44 p.m. no deadline had expired (page 10). Plaintiffs argue (contrary to the court's October 7, 2009 Order) that this action was stayed automatically as to all defendants and therefore no order was violated.[5] Plaintiffs' opposition does not contest the defendants' representation that, as of October 2, 2009, only 24 plaintiffs had served sworn responses to interrogatories but states that "[t]he completion of the interrogatory responses should be

---

[5] The interrogatories and document requests were served on behalf of the defendants -- including Uniwest Group, LLC, Uniwest Development, LLC and Michael D. Collier. It is clear that there was no stay of this action as to those defendants until the court entered its Order on October 7, 2009 – five days after the discovery deadline.

5

complete by the time of this hearing." (Docket no. 180 pg. 13).[6] In the reply filed by the defendants on December 17, 2009, they assert that plaintiffs' counsel's statement that "no discovery deadline has been violated" is untrue and that plaintiffs' counsel has misrepresented facts to the court in several instances including: (1) the September 16, 2009 certificate stating that plaintiffs' discovery responses had been served; (2) the October 2, 2009 motion for an enlargement of time in which counsel states that the "vast majority" of responses had been served; and (3) the statement made in the Bankruptcy Court that all outstanding discovery responses would be served immediately upon any lifting of the automatic stay. (Docket no. 181, pg. 3).

On December 18, 2009 at 9:00 a.m., this case was called and only counsel for the defendants was present. (Docket no. 184). The case was passed and called again at 9:30 a.m. but plaintiffs' counsel still was not present. Having called this matter twice, the court proceeded to hear argument from defendants' counsel. (Docket no. 184). Counsel for the defendants informed the court that at approximately 4:48 p.m. the previous evening he received signed and unsigned answers to interrogatories from 18 plaintiffs, at least two of which had submitted answers previously. A list of the individuals who had provided sworn answers to the defendants' discovery requests along with the dates and time of service was provided to the court. A copy of the list provided at the hearing is attached to this report and recommendation as Exhibit A. Following defense counsel's presentation, the undersigned stated that a report and recommendation would be prepared. At approximately 10:00 a.m., counsel for the plaintiffs entered the courtroom and was informed that his case had been called at 9:00 a.m. as set forth in

---

[6] As shown in Exhibit A to this report and recommendation, only 23 named plaintiffs provided sworn responses to the interrogatories by October 2, 2009. The list filed with the renewed motion for sanctions showing 25 responses (Docket no. 171, Ex. A) includes Mahbod Hashemzadeh twice (numbers 3 and 19) and includes Ho N. Pham who is not a plaintiff in this action.

the Court's December 8, 2009 Order and had been passed until 9:30 a.m. at which time the Court heard argument on defendants' motion. Plaintiffs' counsel indicated that he was unaware that the time for the hearing had been advanced to 9:00 a.m. Plaintiffs' counsel was told that a report and recommendation would be prepared and filed concerning the defendants' motion and any objections to the report and recommendation could be filed within 14 days of the issuance of the report and recommendation.

## Proposed Factual Findings

The facts surrounding this motion for sanctions are undisputed. The defendants served a set of interrogatories and document requests on each plaintiff on August 3, 2009. The plaintiffs served objections to some, but not all, of the interrogatories and document requests on or about August 18, 2009. Responses to the interrogatories and document requests that had not been objected to were due on September 2, 2009. No responses were served by any plaintiff on September 2, 2009.

On September 2, 2009, plaintiffs filed a motion for an enlargement of time seeking an additional two weeks to respond to discovery, stating "[t]he discovery required responses from all 90 separate individuals who comprise some 65 separate contracts." (Docket no. 125). It is clear from this filing that plaintiffs' counsel recognized the need to get separate responses from each of the individual plaintiffs, and based on that stated need, he requested an additional two weeks to respond to the discovery requests. The court granted the two-week enlargement of time requested by the plaintiffs (from September 2 to September 16, 2009) and ordered that responses

7

be served by September 16, 2009. (Docket no. 137). At the same hearing, the court also granted in part defendants' motion to compel. (Docket no. 139).[7]

By the September 16, 2009 deadline, only six plaintiffs had served responses to the defendants' discovery requests. (Docket no. 171, Ex. A). Even though only six plaintiffs had responded to the discovery requests, plaintiffs' counsel filed a certificate of discovery on behalf of all the plaintiffs stating "Plaintiffs, Zhou Jie Plant *et al.*, by their undersigned counsel, hereby gives notice that they have served, via US Mail, their responses to discovery." (Docket no. 144). In response to the second motion to compel and for sanctions filed by the defendants on September 18, 2009, plaintiffs stated that "discovery responses were served by mail on September 16, 2009. The second group of documents are in the process of being copied and should be produced on September 24, 2009. Supplemental interrogatory responses will also be served on that date. There is no need to file a motion to compel and no reason to grant one." (Docket no. 156). In this opposition, plaintiffs' counsel did not inform the court that only six plaintiffs had served responses to the discovery requests by the September 16 deadline and he gave no explanation as to why the other plaintiffs had failed to comply with the court's Order. On September 25, 2009, an Order was entered that clearly informed the plaintiffs that full and complete responses to the discovery requests must be served by each plaintiff by 5:00 p.m. on October 2, 2009 and any plaintiff who failed to comply with that second Order under Fed. R. Civ. P. 37 would be subject to sanctions under Fed. R. Civ. P. 37(b)(2), which could include an award of costs and a recommendation to the District Judge to dismiss the claims asserted by the disobedient party. (Docket no. 160).

---

[7] Plaintiffs' objection to this Order requiring a response to interrogatory numbers 2 and 9 has not been resolved. (Docket no. 143). That objection has no impact on plaintiffs' obligations to respond to the remaining discovery requests.

On October 2, 2009 at 4:25 p.m., plaintiffs filed a motion requesting five additional days to respond to discovery, representing that the plaintiffs have produced "the vast majority of the signed interrogatories" and all responsive documents. (Docket no. 164). While plaintiffs' counsel represented to the court in that motion that the plaintiffs have produced the "vast majority of the signed interrogatories", in fact only 23 of the 120 plaintiffs had served sworn answers to the defendants' interrogatories by the end of the day on October 2, 2009.

## Applicable Federal Rules and Authority

### Sanctions under Federal Rule of Civil Procedure 37(b)

Federal Rule of Civil Procedure 37(b) governs the court's authority to impose sanctions for violations of a court's order to compel discovery. *See* Fed. R. Civ. P. 37(b)(2); *Rabb v. Amatex Corp.*, 769 F.2d 996, 999 (4th Cir. 1985). Rule 37(b) specifically authorizes the court to preclude evidence or dismiss the case where a party has failed to comply with discovery orders. Fed. R. Civ. P. 37(b)(2)(A). The district courts have broad discretion to impose sanctions and to dismiss an action pursuant to Rule 37(b), the exercise of which is reviewed for an abuse of discretion. *See Rabb*, 769 F.2d at 999. As the Supreme Court has explained:

> [T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). The Fourth Circuit has made clear that district courts "must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

Federal Rule of Civil Procedure 37(d) governs the consequences for a party's failure to respond to interrogatories and document requests. Rule 37(d)(1)(A)(ii) provides that the court

9

may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Rule 37(d)(3) provides that sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi) (which includes "dismissing the action or proceeding in whole or in part") and that "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

The Fourth Circuit has articulated four factors a district court must consider in determining whether dismissal is appropriate under Rule 37(b): "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998); *accord Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (*en banc*).

In this case, an analysis of the four factors warrants a recommendation that dismissal sanctions are appropriate. First, the 97 plaintiffs who did not provide sworn answers to interrogatories by October 2, 2009 have undoubtedly acted in bad faith by disregarding two Orders compelling them to serve full and complete responses to discovery. The Order entered on September 25, 2009 provided a clear warning that a failure to comply could result in the disobedient party's claims being dismissed. In this circuit, bad faith includes willful conduct, where the plaintiff "clearly should have understood his duty to the court" but nonetheless "deliberately disregarded" it. *Rabb*, 736 F.2d at 1000. Indeed, the Fourth Circuit has held that a plaintiff's "utter disregard for the district court's discovery timetable set forth in the pretrial

order" may constitute willful disregard and bad faith sufficient to uphold a Rule 37(b) dismissal. *Id.* The plaintiffs and their counsel were given ample warning of the consequences of non-compliance with the rules of discovery and this court's orders. Plaintiffs' willful disregard of the federal rules and this court's Order is the *sine qua non* of bad faith. Bad faith is also shown by plaintiffs' counsel's representations to the court concerning the status of the plaintiffs' discovery responses that clearly were not correct.

Second, the plaintiffs' actions have resulted in prejudice to the defendants. The Fourth Circuit has upheld a district court's dismissal where the plaintiff's "repeated refusals to comply with the Government's legitimate discovery requests, despite court orders to the contrary . . . was prejudicial to the Government . . . because it could not defend against claims, facts, and witnesses that [the appellant] refused to provide . . . ." *See United States v. One Tract of Real Property*, 107 F.3d 868, 1997 WL 71719, at *3 (4th Cir. 1997) (table). That is precisely what has happened in this case. As stated above, many of the plaintiffs have failed to provide any response whatsoever to defendants' discovery – missing three deadlines (September 2, September 16 and October 2, 2009). Prior to the stay resulting from the involuntary petition in bankruptcy, this matter was set for trial on November 18, 2009 and the discovery period had expired. The complete failure on the part of the disobedient plaintiffs to provide even the basic information responsive to the defendants' discovery requests has resulted in real and significant prejudice to the defendants' ability to prepare their defense to those plaintiffs' claims.

Third, the need to deter this particular form of non-compliance weighs heavily in the favor of dismissal. The disobedient plaintiffs in this case have not just dragged their feet in discovery or been slow to produce responses. Rather, they have willfully and consistently stood in complete defiance of the Federal Rules and have failed to comply in any way with the Orders

of this court. If the court were to fail to enforce its Orders at this juncture, it would send the wrong message to recalcitrant parties and their counsel: that defiance goes unpunished. Thus, the need to deter this type of behavior is great.

Fourth, lesser sanctions are inappropriate in this case. In this case, the disobedient plaintiffs have revealed no information in response to defendants' discovery requests even though they have been warned that the failure to do so may result in the dismissal of their claims. The entry of two Orders providing dates for serving discovery responses and a warning that the failure to do so may result in the dismissal of this action have not been effective.

**Sanctions under Federal Rule of Civil Procedure 41(b)**

Federal Rule of Civil Procedure 41(b) authorizes two types of involuntary dismissals: dismissals for failure to prosecute and dismissals for failure to comply with a court order or any federal rule. Fed. R. Civ. P. 41(b). Although the Fourth Circuit has cautioned that dismissal under this rule "is a harsh sanction which should not be invoked lightly,"[8] dismissal is appropriate in certain circumstances. Moreover, the courts have dismissed cases under Rule 41(b) for failure to prosecute and for violation of court orders. *See, e.g., Janeau v. Pitman Mfg. Co.*, 998 F.2d 1009, 1993 WL 280354, *3 (4th Cir. 1993) (table). In the Fourth Circuit, courts review four factors to determine whether dismissal for failure to prosecute is appropriate: (1) the degree of personal responsibility of the plaintiff; (2) the amount of prejudice caused the defendant; (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the existence of sanctions less drastic than dismissal. *See Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990).

In this case, the disobedient plaintiffs have sought to bring their claims in this court and by doing so are responsible for complying with the applicable rules and orders of this court. As

---

[8] *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (internal quotations omitted).

discussed in the prior section, the prejudice to the defendants in not having each plaintiff provide responses to discovery requests is great, essentially preventing the defendants from putting on any meaningful defense as to those plaintiffs' claims. The existence of a drawn out history of deliberately proceeding in a dilatory fashion is clear. The disobedient plaintiffs have done nothing to comply with their discovery obligations even though they have been ordered by this court to do so on two separate occasions. Finally, as discussed above, less drastic sanctions would be inappropriate in this case given the complete and total lack of compliance with the federal rules and the Orders of this court.

## Recommendations

All but 23 plaintiffs have failed to comply with at least two Orders from this court issued pursuant to Federal Rule of Civil Procedure 37. On September 11, 2009, plaintiffs were ordered to provide responses to defendants' discovery requests by September 16, 2009. In the Order entered on September 25, 2009, the undersigned was clear and explicit that any plaintiff who failed to serve full and complete responses to interrogatories under oath by 5:00 p.m. on October 2, 2009 would be subject to sanctions under Federal Rule of Civil Procedure 37(b)(2), which could include an award of costs and a recommendation to the District Judge to dismiss the claims asserted by the disobedient party. (Docket no. 160). Given the persistent nature of these violations and the various misleading or untrue representations made by plaintiffs' counsel concerning these discovery responses, the undersigned recommends that the claims asserted by all the plaintiffs, other than the 23 plaintiffs who provided sworn answers to interrogatories by October 2, 2009, be dismissed with prejudice. While this sanction is severe, the plaintiffs' repeated failure to comply with the court's orders, along with their counsel's defiant attitude, justifies this severe sanction.

For these reasons, the undersigned recommends the dismissal of the claims asserted by the following plaintiffs who had not served responses to defendants' interrogatories by October 2, 2009:

1. Ollie An Hong
2. Kwang Y. Choi
3. Stephen Ghang
4. Sung Bun Jung
5. Rahul Chaudhry
6. Chris Padden
7. Maria Bras
8. Maria Rosa Cisneros
9. Hyunsook Kim
10. Han Ho Kim
11. Joon Yong Ahn
12. Suhee Chris Park
13. Sinthia Kim
14. Xiao Pei Yang
15. Eun Soo Lee
16. Minna Lee
17. Hyo Sook Yun
18. Sung Hee Oh
19. James B Lal
20. Jeonghe Lal
21. Eunice Cha
22. Nikki Kim
23. Ha Il Chung
24. Sok K Yi
25. Hyung Min Kim
26. Jiin Kim
27. Lisa Young Hee Kim
28. Jung Hae Kim
29. Hyung Nim Yi
30. Gloria Eunmi Lim
31. Kum Hee Kang
32. Kevin Wu
33. Kelly Wu
34. Chun Won Hwang
35. Kang Hon Lee
36. Kyong Eun Lim
37. Young Hoon Jung
38. Il Hwan Oh
39. Ronnie Kim
40. Jung N. Cho

41. Annie J. Cho
42. Joo Ho Song
43. Kyong Chu Ashby
44. Jae Sun Park
45. Young R Chang
46. Jong Hui Lee
47. Uyn Son Yang
48. Lydia Cotto
49. Xia Jin
50. Hyunghee Kim
51. Soonae Jeon
52. Olivia Shanelle Kim
53. Emily Sunwoon Kim
54. Yang Ja Kim
55. Julia Kim
56. Karen Sun Lee
57. Janice S. Ko
58. Linda T. Ko
59. Hye Yon Ko
60. Tongil Lee
61. Giel Lee
62. Bong Hyun Yoo
63. Chang Jeon Lee
64. Sun Hee Song
65. Chang Hyo Na
66. Sung Hee Na
67. Jennifer Young Kim
68. Cindy S. Jeong
69. Yun Ok Choi
70. Hae Sook Yoo
71. Yong Suk Stevenson
72. Jin O'Neill
73. Oriole O'Neill
74. Anh Doan
75. Dorn Trang
76. Yang Kim
77. Soon Ja Kim
78. Soon Hak Kwon
79. Junghee Ro
80. Soon Ryeah Lee
81. Sung Ho Lee
82. Ahlam Abdel Meguid Sharaf Aldin
83. Ji Hee Nam
84. Kun Soo Han
85. Chien Ming Yee
86. Haeng Ja Kim

87. Byoung C Cho
88. Sae Rho Mee Kim
89. Leah S. Her
90. Jerry Kim
91. Joung Ran Kim
92. Song C. Ho
93. Jeong Eui Lee
94. Ryan Jin Lee
95. Sungkyoon Park
96. Jessy Mansup Hyun
97. Min Lee Hyun

In addition to the dismissal of the claims raised by these plaintiffs, the undersigned recommends that the defendants be awarded their costs, including attorney's fees, incurred in filing the third motion for sanctions pursuant to Federal Rule of Civil Procedure 37(d)(3) since the failure to comply with the court's earlier orders was not substantially justified and no other circumstances exist that would make an award of expenses unjust. Under the circumstances of this case the undersigned recommends that this award be against the disobedient plaintiffs listed above and their counsel.

## Notice

The parties and the public are notified that objections to this report and recommendation must be filed within fourteen (14) days of service of this report and recommendations in accordance with 28 U.S.C. § 636(b)(1)(C) and a failure to file timely objections waives appellate review of the substance of the report and recommendations and waives appellate review of any judgment or decision based on this report and recommendation.

Entered this 23rd day of December 2009.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

# EXHIBIT A

Zhou Jie Plant, et al. v. Merrifield Town Center Limited Partnership, et al.
United States District Court – Eastern District of VA – Alexandria Division
Case No. 1:08cv374

Plaintiffs With Sworn Interrogatories

| No. | Name: | Date Produced: |
|---|---|---|
| 1. | Chaudhry, Raj (copy) | 09-16-09 |
| 2. | Cho, Seung Cha (original signature) | 09-16-09 |
| 3. | Plant, Zhou Jie (copy) | 09-16-09 |
| 4. | Lee, Chang Sun (original signature) | 09-25-09 |
| 5. | Moh, Cynthia (original signature) | 09-25-09 |
| 6. | Kim, Kwan Sun (copy) | 10-02-09 (at approx. 5:20 p.m.) |
| 7. | Kim, Eun Joo (copy) | 10-02-09 (at approx. 5:20 p.m.) |
| 8. | Kim, Heeyon P. (copy) | 10-02-09 (at approx. 5:20 p.m.) |
| 9. | Choi, Jung Deok (copy) | 10-02-09 (at approx. 5:20 p.m.) |
| 10. | Johng, Tia Young (copy) | 10-02-09 (at approx. 5:20 p.m.) |
| 11. | Park, Yoo Jin (copy) | 10-02-09 (at approx. 5:20 p.m.) |
| 12. | Bae, Yang Jae (copy) | 10-02-09 (at approx. 5:20 p.m.) |
| 13. | Han, Dustin (filed jointly with Ae Ju Lee) (copy) | 10-02-09 (at approx. 5:20 p.m.) |
| 14. | Lee, Ae Ju (filed jointly with Dustin Han) (copy) | 10-02-09 (at approx. 5:20 p.m.) |
| 15. | Yoo, Young Sin (filed jointly with Hei Sook Yoo) (copy) | 10-02-09 (at approx. 5:20 p.m.) |
| 16. | Yoo, Hei Sook (filed jointly with Young Sin Yoo) (copy) | 10-02-09 (at approx. 5:20 p.m.) |
| 17. | Hashemzadeh, Mahbod (copy) | 10-02-09 (at approx. 5:20 p.m.) |
| 18. | Chan, Lai Peng (filed jointly with Michael Huang) (copy) | 10-02-09 (at approx. 5:20 p.m.) |
| 19. | Huang, Michael (filed jointly with Lai Peng Chan) (copy) | 10-02-09 (at approx. 5:20 p.m.) |
| 20. | Seo, Young Min (copy) | 10-02-09 (at approx. 5:20 p.m.) |
| 21. | Kim, Jennifer (copy) | 10-02-09 (at approx. 5:20 p.m.) |
| 22. | Raswant, Malini N. (copy) | 10-02-09 (at approx. 5:20 p.m.) |
| 23. | Park, Hoon Jung (original signature) | 10-02-09 (at approx. 5:20 p.m.) |
| 24. | Pham, Ho N. (NOT IN SUIT) | 10-02-09 (at approx. 5:20 p.m.) |

Zhou Jie Plant, et al. v. Merrifield Town Center Limited Partnership, et al.
United States District Court – Eastern District of VA – Alexandria Division
Case No. 1:08cv374

Plaintiffs With Sworn Interrogatories

| 25. | Chaudhry, Rahul (original signature) | 12-17-09 (at approx. 4:48 p.m.) |
|---|---|---|
| 26. | O'Neill, Jin (copy) | 12-17-09 (at approx. 4:48 p.m.) |
| 27. | O'Neill, Oriole (copy - actually signed by Jin O'Neill as "Attorney in Fact") | 12-17-09 (at approx. 4:48 p.m.) |
| 28. | Padden, Christopher (original signature) | 12-17-09 (at approx. 4:48 p.m.) |
| 29. | Kim, Han Ho (copy) | 12-17-09 (at approx. 4:48 p.m.) |
| 30. | Kim, Sinthia (copy) | 12-17-09 (at approx. 4:48 p.m.) |
| 31. | Bras, Maria (copy) | 12-17-09 (at approx. 4:48 p.m.) |
| 32. | Cho, Jung (copy) | 12-17-09 (at approx. 4:48 p.m.) |
| 33. | Cho, Annie (copy) | 12-17-09 (at approx. 4:48 p.m.) |
| 34. | Ahn, Joon Yong (copy) | 12-17-09 (at approx. 4:48 p.m.) |
| 35. | Kim, Kwan Sun (copy, previously submitted) | 12-17-09 (at approx. 4:48 p.m.) |
| 36. | Kim, Yang (copy) | 12-17-09 (at approx. 4:48 p.m.) |
| 37. | Kim, Julia (copy) | 12-17-09 (at approx. 4:48 p.m.) |
| 38. | Cotto, Lydia (copy) | 12-17-09 (at approx. 4:48 p.m.) |
| 39. | Ashby, David (copy) | 12-17-09 (at approx. 4:48 p.m.) |
| 40. | Chu, Kyong (unsigned) | 12-17-09 (at approx. 4:48 p.m.) |
| 41. | Adbel, Megied Sharaf El Din Ahlam (original signature) | 12-17-09 (at approx. 4:48 p.m.) |
| 42. | Bae, Yang Ja (unsigned, previously submitted) | 12-17-09 (at approx. 4:48 p.m.) |

j:\sunny's documents\uniwest merrifield\vantage\pleadings\plant v mtc - plaintiffs with sworn interrogatories (10-07-09).docx