IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ZHOU JIE PLANT, et al.,<br>Plaintiffs,<br><br>v.<br><br>MERRIFIELD TOWN CENTER<br>LIMITED PARTNERSHIP, et al.,<br>Defendants. | No. 1:08cv374 |

## ORDER

The matter is before the Court on (i) plaintiffs' motion to alter or amend the Order dated March 18, 2010, and (ii) plaintiffs' objection to the magistrate judge's report and recommendation on attorney's fees and costs. Further briefing and argument are dispensed with as they would not aid the decisional process and accordingly, the matters are now ripe for disposition.

**I. Plaintiffs' Motion to Alter or Amend the March 18, 2010 Order[1]**

Plaintiffs object to the March 18, 2010 Order dismissing 82 of the 120 plaintiffs in this case. *See Plant v. Merrifield*, No. 1:08cv374 (E.D. Va. Mar. 18, 2010) (Order). The Memorandum Opinion that accompanied the Order explained that the 97 plaintiffs whose dismissal the magistrate judge recommended were all in flagrant and repeated violation of the magistrate judge's binding discovery orders, which orders required discovery responses no later than October 2, 2009, but that fifteen of those 97 plaintiffs would be allowed to remain in the

---

[1] For relevant procedural history, *see Plant v. Merrifield*, No. 1:08cv374 (E.D. Va. Mar. 18, 2010) (Memorandum Opinion).

case as a matter of grace, and because they had filed discovery responses by December 18, 2009. *See Plant v. Merrifield*, No. 1:08cv374, slip op. at 11 (E.D. Va. Mar. 18, 2010) (Memorandum Opinion).

In their motion to amend or alter the dismissal order, plaintiffs first contend that two plaintiffs who produced all of their discovery responses before December 18, 2009, were erroneously dismissed from the case. Specifically, plaintiffs argue that plaintiff Jennifer Kim produced her discovery responses on October 2, 2009, and that plaintiff Yang Kim produced his discovery responses on December 17, 2009, and thus neither of them should have been dismissed. In advancing these arguments, plaintiffs fail to recognize that two plaintiffs named "Jennifer Kim" were parties in this case, and yet the undisputed record evidence is that only one Jennifer Kim produced any discovery responses. Accordingly, to the extent that there were two "Jennifer Kim"s, one of them was properly dismissed from the case for failure to comply with the magistrate judge's discovery orders. The "Jennifer Kim" who produced discovery responses was not dismissed and remains a plaintiff in this case. Similarly, the record reflects that plaintiff Yang Ja Kim filed discovery responses on December 17, 2009, but that a different plaintiff, Yang Kim, has not filed any discovery responses. Accordingly, Yang Ja Kim remains a plaintiff in this case, but Yang Kim was properly dismissed. The motion to amend or alter is therefore appropriately denied in this respect.

Next, plaintiffs argue that thirty-two plaintiffs who apparently submitted discovery responses by electronic mail during the early morning hours of December 18, 2009, should not have been dismissed. In advancing this argument, plaintiffs erroneously suggest that the Memorandum Opinion "retrospectively used December 18, 2009 as a deadline for serving

-2-

interrogatory responses." Pl. Br. at 3. This is incorrect, as the Memorandum Opinion is clear that the 97 sanctioned plaintiffs "had not responded to the discovery requests by the October 2, 2009 deadline—which was at least the third discovery deadline that plaintiffs missed with respect to these specific requests." Memorandum Opinion at 11. There was no December 18, 2009 deadline. Instead, the Court merely allowed those plaintiffs who served responses in the late afternoon on December 17, 2009 to remain in the case as a matter of grace, and additionally because those responses at the very least afforded defendants' counsel a reasonable opportunity to review the responses for completeness prior to the hearing on the motion for sanctions, which hearing was held at 9:00 a.m. on December 18, 2009. Plaintiffs now argue that thirty-two plaintiffs served discovery responses by e-mail at 3:45 a.m. on the morning of the sanctions hearing, and that these plaintiffs should not have been dismissed. This argument fails, for these eleventh-hour responses were filed well after the October 2, 2009 deadline, and thus they were not by any means timely. Moreover, these responses, sent by e-mail at 3:45 a.m. on the morning of a 9:00 a.m. hearing, did not afford defendants' counsel any reasonable opportunity for review prior to the hearing. Accordingly, and for the reasons set forth in the Memorandum Opinion, application of the factors articulated by the Fourth Circuit in *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998), compelled dismissal of these plaintiffs.

Plaintiffs next argue that two plaintiffs who served written but unsigned interrogatory answers should not have been dismissed from the case. This contention is unpersuasive. The Federal Rules of Civil Procedure unambiguously require answers to be signed and under oath. Rule 33(b), Fed. R. Civ. P. When plaintiffs served the two deficient answers, on September 16,

2009, defendants immediately and repeatedly identified the deficiency of the unsigned answers and requested signed answers from the two plaintiffs. And yet, well over four months passed before plaintiffs served signed answers on January 28, 2010, resulting in clear prejudice to defendants, who could not rely on the unsigned answers. The motion is therefore denied with respect to these two plaintiffs.

Finally, plaintiffs argue that defendants were not prejudiced by any delay and thus none of the plaintiffs should have been dismissed, including the thirty-six plaintiffs who did not serve any responses until January 28, 2010, nearly four months after the final deadline. This argument was previously and thoroughly addressed in the Memorandum Opinion and need not be recapitulated here in substantial detail. It suffices to say that plaintiffs' counsel's flagrant and willful disregard for binding orders of the magistrate judge, and counsel's pattern of false and misleading statements in signed pleadings, put defendants at a clear disadvantage in this proceeding and demonstrated the strong need for deterrence of similar future conduct by plaintiffs' counsel in this case and in any other matters before this Court. Accordingly, plaintiffs' motion to alter or amend the March 18, 2010 Order is appropriately denied in all respects.

## II. Plaintiffs' Objection to the Magistrate Judge's Report and Recommendation on Attorney's Fees and Costs

Plaintiffs also object to the magistrate judge's recommendation that the 97 noncompliant plaintiffs and their counsel be required to pay $10,642.93 in attorney's fees and costs incurred in connection with defendants' third motion for sanctions. Plaintiffs principally contend that defendants have not demonstrated the reasonableness of the rates and hours billed.

The legal principles dispositive of a fee petition are well-settled. First, the fee applicant

bears the burden of establishing by clear and convincing evidence the amount of a reasonable fee in the circumstances presented. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, "[t]he most [appropriate and] useful starting point for determining the amount of a reasonable fee" is to calculate the lodestar amount, or "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* In this regard, "[p]roper documentation is the key to ascertaining the number of hours reasonably spent on legal tasks." *See EEOC v. Nutri/System, Inc.*, 685 F. Supp. 568, 573 (E.D. Va. 1988).[2] The determination of a fee award must also be informed by "other considerations that may lead the district court to adjust the fee upward or downward," including the twelve now-familiar "*Johnson*" factors. *Hensley*, 461 U.S. at 434 (citing *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir.1974)).[3]

---

[2] Indeed, fee claimants must submit documentation that reflects "reliable contemporaneous recordation of time spent on legal tasks that are described with reasonable particularity," sufficient to permit the district court to weigh the hours claimed and exclude hours that were not "reasonably expended." *EEOC*, 685 F. Supp. at 573 (citing *Hensley*, 461 U.S. at 440-41). Inadequate documentation includes the practice of grouping, or "lumping," several tasks together under a single entry, without specifying the amount of time spent on each particular task. *See, e.g., In re Great Sweats, Inc.*, 113 B.R. 240, 244 (Bankr. E.D. Va. 1990) (disapproving "lumping" of several tasks under a single entry without specifying the amount of time spent on each task so as to preclude an accurate assessment of the reasonableness of the time expended); *In re WHET, Inc.*, 58 B.R. 278, 280 (Bankr. D. Mass. 1986) (noting that "lumping" of an entire day's activities makes attorneys' records of absolutely no value for any analytical purpose). This and other instances of inadequate documentation prevent an accurate determination of the reasonableness of the time expended in a particular case. Thus, inadequate documentation is a proper basis for reducing a fee award, which can be accomplished in one of two ways, namely (i) by identifying and disallowing specific hours that are not adequately documented, or (ii) by reducing the overall fee award by a fixed percentage or amount based on the trial court's familiarity with the case, its complexity and the counsel involved. *See EEOC*, 685 F. Supp. at 576 (citing *Uzzell v. Friday*, 618 F.Supp. 1222, 1226, 1229 (M.D.N.C.1985) (where requested fees were reduced 25% for attorneys and 35% for paralegals as a result of inadequate documentation)).

[3] Specifically, the twelve *Johnson* factors are as follows: (1) the time and labor required to litigate the suit; (2) the novelty and difficulty of the questions presented by the lawsuit; (3) the

Indeed, it is axiomatic that a fee is plainly excessive when it is warranted neither by the nature of the issues presented or by the amount at stake. Moreover, courts frequently exercise their discretion to reduce an entire fee request or portions thereof by a stated percentage in order to address some deficiency in the application, such as redundant time entries, failure to exercise billing judgment, or excessive number of hours sought.[4] Ultimately, "[t]he matter of attorney fees rests, of course, within the sound discretion of the trial judge, who is in the best position to determine whether, . . . [and to what extent], they should be awarded." *Kimberly-Clark Corp. v. Johnson & Johnson*, 745 F.2d 1437, 1458 (Fed. Cir. 1984).

Generally, defendants' request is well supported and reasonable under the circumstances. Nonetheless, a confident assessment of the reasonableness of certain billing entries is impossible (i) because the descriptions are simply too vague to be able to determine the degree to which the time expended was reasonable and related to the sanctions motion, and (ii) because some descriptions are replete with instances of lumping multiple tasks together under the same entry.

---

skill required properly to perform the legal services; (4) the preclusion of other employment opportunities for the attorney due to the attorney's acceptance of the case; (5) the customary fee for such services; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount in controversy involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

[4] *See, e.g., Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996) (15% overall reduction to compensate for failure to exercise billing judgment); *Leroy v. City of Houston*, 831 F.2d 576, 586 n. 16 (5th Cir.1987) (13% overall reduction based on incomplete time records); *Carr v. The Fort Morgan School District*, 4 F. Supp. 2d 998, 1003 (D. Colo.1998) (15% overall reduction to account for excessive time spent by attorneys with clients, excessive trial preparation, duplicative time entries, and insufficient detail); *Uzzell v. Friday*, 618 F. Supp. 1222, 1226, 1229 (M.D.N.C.1985) (25% reduction of one portion of fees "to eliminate the possibility of duplicative or unreasonable time" and 35% reduction of another portion of fees based on inadequate documentation).

*See EEOC*, 685 F. Supp. at 573. The fatally indeterminate entries are as follows:

- An entry dated October 1, 2009 bills 1.5 hours to draft the motion to compel, to review the magistrate judge's report and recommendation on a merits issue, and to outline objections to that report and recommendation. Def. Ex. A at 1. It is impossible to determine from this entry whether counsel spent five minutes or eighty-five minutes on the sanctions motion. In short, this entry is fatally indeterminate, and accordingly, the magistrate judge's recommended award of 0.75 hours for this award is appropriately reduced to zero.

- An entry dated December 2, 2009, billing 2.6 hours, fails for the same reason: it impermissibly "lumps" tasks that are and are not related to the sanctions motion, thus preventing a confident assessment of the amount of time actually spent on the sanctions motion. Accordingly, these two entries, for a total of $1039.00, are appropriately stricken.

- Entries dated October 2, 2009, December 3, 2009, December 6, 2009, and December 17, 2009, each bill $109.50 for 0.3 hours spent on a task described as: "Draft email." *Id.*[5] While the magistrate judge is correct that communications need not be provided to the court in order to be included in a fee request, it is also true that the fee petition must be adequately substantiated in order to allow a confident assessment of the reasonableness of the request. These entries provide no basis to conclude that the e-mail was in fact related to the sanctions motion. Accordingly, it is appropriately stricken.

---

[5] The December 6, 2009 and December 17, 2009 entries elaborate that the e-mails drafted are an "update" to "Mike."

- A cost entry, dated October 1, 2009, fails for the same reason, as it merely states "Westlaw Charge" without any substantiation of the nature of the legal research performed on Westlaw. Accordingly, this entry, in the amount of $15.19, is appropriately stricken.

All other entries are reasonable and adequately substantiated, with the exception of the 2.8 hours billed by defendants' counsel on December 18, 2009, which the magistrate judge previously eliminated as excessive and inadequately supported in his report and recommendation. Accordingly, defendants are entitled to $9,066.99 in fees and costs reasonably incurred in connection with the motion for sanctions.

### III.

It is hereby **ORDERED** that plaintiffs' motion to amend or alter the March 18, 2010 Order (Docket No. 225) is **DENIED**.

It is further **ORDERED** that plaintiffs' objection to the magistrate judge's report and recommendation concerning attorney's fees and costs (Docket No. 239) is **SUSTAINED IN PART** and **OVERRULED IN PART** insofar as defendants are **AWARDED** a total of $9,066.99 in fees and costs. This award is payable by: Ollie An Hong, Kwang Y. Choi, Stephen Ghang, Sung Bun Jung, Maria Rosa Cisneros, Hyunsook Kim, Suhee Chris Park, Xiao Pei Yang, Eun Soo Lee, Minna Lee, Hyo Sook Yun, Sung Hee Oh, James B. Lai, Jeonghe Lal, Eunice Cha, Nikki Kim, Ha Il Chung, Sok K. Yi, Hyung Min Kim, Jiin Kim, Lisa Young Hee Kim, Jung Hae Kim, Hyung Nim Yi, Gloria Eunmi Lim, Kum Hee Kang, Kevin Wu, Kelly Wu, Chun Won Hwang, Kang Hon Lee, Kyong Eun Lim, Young Hoon Jung, Il Hwan Oh, Ronnie Kim, Joo Ho Song, Jae Sun Park, Young R Chang, Jong Hui Lee, Uyn Son Yang, Xia Jin. Hyunghee Kim,

Soonae Jeon, Olivia Shanelle Kim, Emily Sunwoon Kim, Karen Sun Lee, Janice S. Ko, Linda T. Ko, Hye Yon Ko, Tongil Lee, Giel Lee, Bong Hyun Yoo, Chang Jeon Lee, Sun Hee Song, Chang Hyo Na, Sung Hee Na, Jennifer Young Kim, Cindy S. Jeong, Yun Ok Choi, Hae Sook Yoo, Yong Suk Stevenson, Anh Doan, Dorn Trang, Yang Kim, Soon Ja Kim, Soon Hak Kwon, Junghee Ro, Soon Ryeah Lee, Sung Ho Lee, Ji Hee Nam, Kun Soo Han, Chien Ming Yee, Haeng Ja Kim, Byoung C. Cho, Sae Rho Mee Kim, Leah S. Her, Jerry Kim, Joung Ran Kim, Song C. Ho, Jeong Eui Lee, Ryan Jin Lee, Sungkyoon Park, Jessy Mansup Hyun, Min Lee Hyun, Rahul Chaudhry, Jin O'Neill, Oriole O'Neill, Chris Padden, Han Ho Kim, Sinthia Kim, Maria Bras, Jung N. Cho, Annie J. Cho, Joon Yong Ahn, Yang Ja Kim, Julia Kim, Lydia Cotto, Kyong Chu Ashby, Ahlam Abdel Meguid Sharaf Aldin, and plaintiffs' counsel Henry St. John Fitzgerald.

The Clerk is directed to send a copy of this Order to all counsel of record and to enter judgment accordingly pursuant to Rule 58, Fed. R. Civ. P.

Alexandria, Virginia
May 24, 2010

T. S. Ellis, III
United States District Judge