IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ZHOU JIE PLANT, et al., )
)
      Plaintiffs, )
)
v. ) Civil Action No. 1:08cv0374 (TSE/JFA)
)
MERRIFIELD TOWN CENTER )
LIMITED PARTNERSHIP, et al., )
)
      Defendants. )
)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff Young Min Seo's[1] motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). (Docket no. 302). Plaintiff Seo seeks relief from this court's order of November 9, 2010 granting defendants summary judgment on all of the remaining plaintiffs' claims. (Docket no. 277). On December 2, 2011, counsel for plaintiff Seo and defendants appeared before the undersigned and presented argument on the pending motion. Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned is filing his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

This proposed findings of fact and recommendations will only address the procedural history and facts that relate directly to the pending motion since the procedural history and factual basis for the plaintiffs' claims have been recited in several previous filings.[2]

---

[1] Plaintiff Seo's name has changed to "Rita Youngmin Nam Seo" since the filing of the complaint in *Kim v. Merrifield Town Center Ltd. Partnership*, Civil Action No. 1:08cv566, the case to which she was a party prior to consolidation. *See* Docket no. 303 at 1.

[2] *See* Docket nos. 82 (June 1, 2009), 162 (Sep. 29, 2009), 186 (Dec. 23, 2009), 234 (May 5, 2010), and 258 (Sep. 2, 2010).

## Procedural Background

Following an evidentiary hearing on June 28 and 29, 2010, the undersigned filed a report and recommendation on September 2, 2010. (Docket no. 258). On September 16, 2010, plaintiffs and defendants filed their objections to the report and recommendation. (Docket nos. 259 and 260). On October 15, 2010, the objections were taken under advisement (Docket no. 271) and on November 9, 2010 summary judgment was entered on behalf of defendants. (Docket no. 277). Plaintiffs filed a notice of appeal on December 8, 2010 (Docket no. 278) and the appeal is pending before the United States Court of Appeals for the Fourth Circuit.[3]

On September 28, 2011, plaintiff Seo filed a motion to substitute Alexander Laufer for Henry St. John Fitzgerald as counsel of record and the motion was granted on October 21, 2011. (Docket nos. 295 and 301). Plaintiff Seo filed the pending motion on November 8, 2011 – one day shy of the one year anniversary of the order she asks the court to set aside. (Docket no. 302).

## Factual Background

The following facts are established by plaintiff Seo's motion for relief from judgment, her memorandum in support, defendants' opposition, and the exhibits attached thereto. (Docket nos. 302, 303, and 306).

Plaintiff Seo executed a Unit Purchase Agreement with defendant Merrifield Town Center, LP ("Merrifield") on June 14, 2005. (Docket no. 306 at Ex. D). On May 23, 2007,

---

[3] If the court is inclined to grant the relief requested in this motion, the Court of Appeals will need to remand plaintiff Seo's claim. *See* Fed. R. Civ. P. 62.1 ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.").

2

plaintiff Seo through counsel Alexander Laufer sent a letter to Merrifield purporting to cancel that agreement pursuant to the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701, *et seq.* ("ILSFDA").[4] (Docket no. 303 at 2, Ex. A). On June 7, 2007, counsel for Merrifield replied to plaintiff Seo's letter, demanding that she retract her cancellation notice. (Docket no. 303 at Ex. H). On June 14, 2007, plaintiff Seo's counsel sent a letter retracting the notice of cancellation. (Docket no. 306 at Ex. C). The next day, June 15, 2007, plaintiff Seo's counsel withdrew her retraction. (Docket no. 303 at Ex. I).

Plaintiff Seo states that during the two and a half year period between the filing of this action (April 17, 2008) and the final judgment entered in this case (November 9, 2010) she did not recall that Mr. Laufer sent a notice of cancellation on her behalf in June 2007. (Docket no. 303 at 2). The significance of that correspondence did not come to her attention until she met with Mr. Laufer again in August 2011, prior to his substitution as counsel of record. *Id.* There is also no indication that plaintiff Seo's trial counsel, Mr. Fitzgerald, discussed with plaintiff Seo or her previous counsel any cancellation or revocation of the agreement or asked her to search for and produce all documents reflecting communications with defendants as requested in discovery.[5]

Plaintiff Seo presented no evidence at any point prior to the judgment being entered in this case that she sent defendants notice of revocation within two years of executing the agreement (*i.e.*, before June 14, 2007).

---

[4] On June 11, 2007, plaintiff Seo's counsel also sent Merrifield a notice of assignment. (Docket no. 306 at Ex. B).

[5] *See* Plaintiff Seo's responses to discovery, answer to interrogatory No. 5 (Docket no. 306 at Ex. A), affirmation of Henry St. John Fitzgerald (Docket no. 303 at Ex. C, ¶ 2) ("At no time until I was asked to agree to the aforesaid substitution of counsel, was I aware of the fact that Ms. Seo had, through prior counsel, Alexander Laufer, Esquire, sent a certified letter in May of 2007 . . . exercising her statutory right to cancel her Unit Purchase Agreement.").

## Proposed Findings and Recommendations

### Legal Standard

Fed. R. Civ. P. 60(b) states in pertinent part that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." Rule 60(b) has vested federal courts with the power "to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949). However, relief under the Rule 60(b) is extraordinary and is only to be invoked upon a showing of exceptional circumstances. *Ackermann v. United States*, 340 U.S. 193, 202 (1950).

In reviewing a trial court's ruling on a Rule 60(b) motion the Fourth Circuit has recognized that "certain requirements . . . must be met by those seeking relief under this extraordinary remedy." *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979). A movant must show "a meritorious defense against the claim on which judgment was entered as a threshold condition to any relief whatsoever under the Rule" and a court must consider "whether the party in whose favor judgment has been entered will be unfairly prejudiced by the vacation of his judgment." *Id.* When seeking relief under Rule 60(b), the movant "must clearly establish the grounds [for his motion] to the satisfaction of the district court . . . and such grounds must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (internal citations and quotations omitted). Assuming that a movant for relief under the

Rule has established a meritorious defense, he must then proceed to satisfy one or more of the six grounds on which a vacation of judgment may be authorized.

"To obtain relief under [Rule 60(b)(1)], a party must demonstrate *inter alia* that he was not at fault" and a "party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect." *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 132 (4th Cir. 1992); *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 413 (4th Cir. 2010). A person seeking Rule 60(b)(1) relief bears the burden of showing that his neglect was "excusable." That "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including (1) the danger of prejudice to the other party; (2) the length of any delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "'Excusable neglect' is not easily demonstrated" and "a district court should find 'excusable neglect' only in the '*extraordinary cases* where an injustice would otherwise result.'" *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996) (adopting the *Pioneer* factors for the purpose of determining "excusable neglect" under Fed. R. App. P. 4(a)(5)) (internal citations omitted).

The Fourth Circuit recently stated that "the third *Pioneer* factor – the untimely party's reason for the delay – is the most important to the excusable neglect inquiry." *Symbionics Inc. v. Ortlieb*, 432 Fed. App'x 216, 219 (4th Cir. 2011) (per curiam). In *Symbionics*, plaintiff's counsel filed a notice of appeal one day after the expiration of the 30 day period under Fed. R.

App. P. 4(a)(5)[6] because counsel's computer calendar miscalculated the filing deadline as January 5 rather than January 4, 2010. *Id.* at 218. Reversing the district court's finding of excusable neglect as an abuse of discretion, the Fourth Circuit found that counsel's dependence on the computer calendar was "neither extraneous to nor independent of counsel's negligence" and that this was the sort of neglect that it had "consistently declined to excuse in the past." *Id.* at 220 (citing *Thompson*, 76 F.3d 530, 535) (internal quotations omitted).

A party seeking relief under Rule 60(b)(3) "must also prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense." *Square Const. Co. v. Washington Metropolitan Area Transit Authority*, 657 F.2d 68, 71 (4th Cir. 1981).

Finally, while the catch-all "any other reason" clause in Rule 60(b)(6) "includes few textual limitations, its context requires that it may be invoked in only extraordinary circumstances where the reason for relief from judgment does not fall within the list of enumerated reasons" given in the other 5 subsections of the Rule. *Aikens v. Ingram*, 612 F.3d 285, 288-89 (4th Cir. 2010).

### Analysis

Assuming for purposes of this motion that the issue plaintiff Seo raises as a basis for her motion (*i.e.*, the efficacy of her cancellation notice) would at least present a meritorious defense,[7] the undersigned recommends a finding that there is no "excusable neglect" present in

---

[6] "The district court may extend the time to file a notice of appeal if . . . that party shows excusable neglect or good cause."

[7] Defendants disagree that plaintiff Seo's actions could be considered a valid revocation under ILSFDA. *See* Docket no. 306 at 9.

6

this case to warrant the extraordinary relief plaintiff Seo requests under Fed. R. Civ. P. 60(b)(1). Consistent with the Fourth Circuit's treatment of this issue, this analysis focuses on the reason for plaintiff Seo's delay in presenting evidence of communications with defendants in May and June 2007 in a motion for relief filed in November 2011, just one day short of the one-year limitations period set out in Rule 60(b)(c).[8]

There is no clear explanation for why plaintiff Seo did not raise this issue while the case was pending before the trial court or why she waited to file the pending motion until the eve of the one year anniversary of the order she seeks to have this court set aside. It is clear that the communications she advances now in seeking relief from the final judgment in this case were in her possession and in her counsel's possession while this case was pending in the trial court. It is also clear that plaintiff Seo was obligated to search for, identify, and produce those communications in discovery and that she failed to do so. In her affidavit in support of the pending motion, plaintiff Seo admits that "Mr. Laufer provided me copies" of the letters and that she "did not think to provide copies of the same to Mr. Fitzgerald." (Docket no. 303 at Ex. B). It is also clear that during the discovery phase in the trial court the defendants produced a copy of at least one of Mr. Laufer's letters to the defendants on behalf of plaintiff Seo referring to the notice of cancellation. (Docket no. 306 at Ex. B).

Mr. Fitzgerald, plaintiff Seo's previous counsel, was obligated to investigate her claims and defenses as well as their factual basis and there is no indication that he fulfilled that obligation as to the communications that form the basis of plaintiff Seo's request for relief. In his affirmation submitted in support of the pending motion, Mr. Fitzgerald states that he was

---

[8] *See Pioneer*, 507 U.S. at 395; *Symbionics*, 432 Fed. App'x at 219.

"[un]aware of the fact that Ms. Seo had, through prior counsel, Alexander Laufer, Esquire, sent a certified letter in May of 2007 . . . exercising her statutory right to cancel her Unit Purchase Agreement." (Docket no. 303 at Ex. C). His affirmation is silent as to any investigation or inquiry he may have made into the factual basis for plaintiff Seo's claims and her need to produce all documents reflecting any communications with the defendants in response to defendants' discovery requests. He also fails to address why the Laufer letter produced by the defendants in discovery was ignored in his presentation of plaintiff Seo's claims. Accordingly, plaintiff Seo's and her trial counsel's lack of any reason for their failure to advance these communications until now is neither "extraneous to" nor "independent of" their negligence and that negligence is consequently inexcusable.

Plaintiff also offers no evidence of fraud or misconduct on the part of defendants that would warrant relief under Fed. R. Civ. P. 60(b)(3). While it is true that defendants' case file contained plaintiff Seo's letters and that defendants filed a supplemental affidavit of Michael D. Collier in support of their motion for summary judgment in which Mr. Collier stated that he "conducted a diligent search of Merrifield Town Center's records and none of the Plaintiffs herein revoked his/her/their Agreements within two (2) years from the date he/she/they executed same" (Docket no. 50-2),[9] this is not "clear and convincing evidence" sufficient to establish defendants' misconduct, much less a demonstration that such misconduct (if any) prevented plaintiff Seo from advancing her claims in this case, particularly given her and her counsel's possession of the relevant communications throughout the course of litigation. As mentioned previously, during the discovery stage of this proceeding the defendants did produce

---

[9] This statement was reasserted on February 5, 2009. (Docket no. 56).

to plaintiff Seo's trial counsel a copy of the letter that was sent to Merrifield by Mr. Laufer on June 11, 2007 on behalf of plaintiff Seo referencing the May 23, 2007 certified letter by which Ms. Seo expressed the desire to revoke the contract pursuant to § 1703 of the ISFDA and forwarding an assignment conveying any right, title, and interest in the unit to Merrifield. (Docket no. 306 at Ex. B). None of the conduct complained of by plaintiff Seo prevented her from presenting her claims to the court.

Finally, plaintiff Seo advances no argument that "extraordinary circumstances" exist in this case warranting relief under Fed. R. Civ. P. 60(b)(6). For these reasons, the undersigned recommends that plaintiff Seo's motion be denied.

For these reasons the undersigned recommends that plaintiff Seo's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) be denied.

### Notice

The parties are notified that objections to these proposed findings of fact and recommendations must be filed within 14 days of service of these proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of these proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on these proposed findings of fact and recommendations.

Entered this 20th day of December, 2011.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia