IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JAN 30 2012

| | | |
|---|---|---|
| ZHOU JIE PLANT, *et al.*, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:08cv374 |
| | ) | |
| MERRIFIELD TOWN CENTER | ) | |
| LIMITED PARTNERSHIP, *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

The matter is before the Court on plaintiff Rita Youngmin Nam Seo's motion for relief from judgment pursuant to Rule 60(b), Fed.R.Civ.P (Doc. 302).[1] Plaintiff Seo seeks relief from judgment because she failed to claim, while this matter was pending, that she had sent a notice of cancellation to defendant with respect to the agreement that underlies this case. By Order dated November 22, 2011, plaintiff Seo's motion was referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1). *See Plant v. Merrifield Town Ctr. Ltd. P'ship*, No. 1:08cv374 (E.D. Va. Nov. 22, 2011) (Order). In proposed findings of fact and recommendations issued on December 20, 2011, the magistrate judge recommended denying plaintiff Seo's motion because plaintiff Seo had failed to demonstrate that she was entitled to relief from judgment pursuant to Rule 60(b), Fed.R.Civ.P. Specifically, the magistrate judge concluded that plaintiff Seo (i) failed to demonstrate "excusable neglect" under Rule 60(b)(1), (ii) failed to prove by clear and convincing evidence that defendant engaged in misconduct and to demonstrate that such misconduct prevented plaintiff from fully and fairly presenting her case under Rule 60(b)(3), or (iii) failed to demonstrate other "extraordinary circumstances" meriting relief under Rule 60(b)(6). Plaintiff

---

[1] Plaintiff Seo was formerly known as Young Min Seo, which is the name that she used on the complaint filed in *Kim v. Merrifield Town Ctr. Ltd. P'ship*, No. 1:08cv566, later consolidated with this matter.

Seo filed timely objections with respect to each of these three conclusions, and thus a *de novo* determination is made as to each. *See* 28 U.S.C. § 636(b)(1). A *de novo* review of the record demonstrates that plaintiff Seo has failed to demonstrate that she is entitled to relief from judgment pursuant to Rule 60(b)(1), (b)(3), or (b)(6).

Plaintiff Seo objects to the magistrate judge's conclusion that she failed to demonstrate excusable neglect under Rule 60(b)(1). Plaintiff Seo does not dispute that letters that purport to revoke the agreement and reference said revocation were in both her and her counsel's possession while the case was pending before the Court. Plaintiff Seo also does not dispute that she was required to search for and describe the content of those letters in response to defendant's interrogatories, and she does not dispute that defendant provided at least one of these letters to her in discovery. Rather, plaintiff Seo argues that she never thought to provide copies of the letters to her counsel, and her counsel should not be obligated to locate the letters in those documents defendant turned over in discovery because they were "a needle in a haystack." Plaintiff Seo argues that her neglect is excusable because of her lack of fluency in English, and the fact that the letters did not take on their legal significance until years after they were sent. These arguments all fail; even accounting for the language barrier and large amount of documents, given the undisputed facts recited above, there is no question that plaintiff Seo and her attorney failed to act with diligence while the matter was before this Court. As a result, their neglect is not excusable.[2] The importance of the letters was apparent, but plaintiff Seo and her counsel failed to provide them or even, as they were required to do in discovery, to disclose them.

---

[2] *See Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 132 (4th Cir. 1992) (party must demonstrate not at fault in order to obtain relief under Rule 60(b)(1)); *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010) ("A party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect pursuant to Rule 60(b)(1).").

In order to prevail under Rule 60(b)(3), plaintiff Seo must prove, *inter alia*, defendant's fraud or misconduct by clear and convincing evidence and that the misconduct prevented her from fully and fairly presenting her case. *See Tunnell v. Ford Motor Co.*, 245 Fed.Appx. 283, 288 (4th Cir. 2007). While an adverse party's failure to produce materials in discovery may be misconduct under Rule 60(b)(3),[3] in this matter, defendants produced their case file that contained at least one of the letters in which the purported cancellation was referenced. While defendants did represent to the Court that none of the plaintiffs revoked their agreement within two years of execution, these representations alone are arguably not misconduct. Importantly, though, even assuming misconduct, defendant's actions did not prevent plaintiff Seo from fully and fairly presenting her case since both plaintiff Seo and her counsel had letters in their possession that they allege demonstrate such a revocation.[4] Plaintiff Seo's contention that defendant's representation resulted in an unfair process is unpersuasive; both plaintiff Seo and her counsel had equal – if not greater – opportunity than defendants to locate the letters and bring the purported revocation to the Court's attention.

Finally, with respect to Rule 60(b)(6), plaintiff Seo has failed to demonstrate extraordinary circumstances and that relief is appropriate to accomplish justice. *See Dowell v.*

---

[3] *See Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994).

[4] *See Tunnell v. Ford Motor Co.*, 245 Fed. Appx. 283, 288 (4th Cir. 2007) (relief denied under Rule 60(b)(3) where party learned much of the information contained in the documents improperly withheld through other sources during discovery); *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 21-22 (1st Cir. 2002) ("When a party is capable of fully and fairly preparing and presenting his case notwithstanding the adverse party's arguable misconduct, the trial court is free to deny relief under Rule 60(b)(3)."); *Diaz v. Methodist Hosp.*, 46 F.3d 492, 497 (5th Cir. 1995) (trial court does not err in denying Rule 60(b)(3) motion where movant had independent access to information that is alleged to have been misrepresented); *Ojeda-Toro v. Rivera-Mendez*, 853 F.2d 25, 29 (1st Cir. 1988) ("[A] party may not prevail on a Rule 60(b)(3) motion on the basis of fraud where he or she has access to disputed information or has knowledge of inaccuracies in an opponent's representations at the time of the alleged misconduct."); 12 Moore's Federal Practice § 60.43[c] (Mathew Bender 3d. ed.).

*State Farm Fire and Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (relief under Rule 60(b)(6) requires that such relief is "appropriate to accomplish justice" and there are "extraordinary circumstances"). Plaintiff Seo seeks to draw an analogy between this case and those cases where, pursuant to Rule 60(b)(6), courts have set aside dismissals with prejudice because settlement agreements were breached or found to be unenforceable in state court.[5] The reason for relief under Rule 60(b)(6) in those cases was that such relief could not be obtained elsewhere or was more conveniently obtained in the court that had rendered judgment. Notably, plaintiff Seo does not and cannot argue that relief here is not available elsewhere (for example, she may sue her lawyer for professional malpractice), but only that it may not be readily available and will necessarily involve complicated considerations. Plaintiff Seo's analogy fails nonetheless, though, because providing plaintiff Seo with relief because she and her attorney failed to call the Court's attention to letters that were in their possession while this matter was pending – and which they had an obligation in discovery to locate and at least one of which was turned over in discovery by defendant – is not appropriate to accomplish justice.[6]

In sum, considering both the importance of the finality of judgments and of justice being done in light of all the facts, plaintiff Seo's motion for relief from judgment must be denied.

---

[5] *See, e.g., Fairfax Countywide Citizens Ass'n v. Fairfax County, Va.*, 571 F.2d 1299, 1302-3 (4th Cir. 1978) ("[U]pon repudiation of a settlement agreement which had terminated litigation pending before it, a district court has the authority under Rule 60(b)(6) to vacate its prior dismissal order and restore the case to its docket."); *Vincent v. Reynolds Memorial Hosp., Inc.*, 728 F.2d 250, 251 (4th Cir. 1984) (district court abused discretion in not granting motion for relief from judgment under Rule 60(b)(6) where settlement agreement was invalid and could not be enforced in state court).

[6] *Cf. Aikens v. Ingram*, 652 F.3d 496, 503 (4th Cir. 2011) (denial of relief under Rule 60(b)(6) not an abuse of discretion where movant's "posited predicament was as much the result of his management of the action and his litigation strategy choices as it was the result of the district court's erroneous judgment of dismissal," and movant "did not demonstrate that his posited [] predicament was anything more than speculation").

-5-

Accordingly, for good cause,

It is hereby **ORDERED** that plaintiff Seo's objections (Doc. 311) are **OVERRULED**.

It is further **ORDERED** that the Court adopts as its own the findings of fact and recommendations of the magistrate judge, as set forth in the December 20, 2011 Proposed Findings of Fact and Recommendations (Doc. 310).

It is further **ORDERED** that plaintiff Seo's motion for relief from judgment pursuant to Rule 60(b), Fed.R.Civ.P (Doc. 302) is **DENIED**.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
January 30, 2012

/s/
T. S. Ellis, III
United States District Judge